**Curtis CANTY, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 22, 2005.

Decided Dec. 6, 2005.

---

James M. McClure, Huntingdon, for petitioner.

Alan M. Robinson, Asst. Counsel and Victoria S. Freimuth, Chief Counsel, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, LEADBETTER, Judge, KELLEY, Senior Judge.

OPINION BY President Judge COLINS.

Curtis Canty petitions for review of that portion of a determination by the Pennsyl-vania Board of Probation and Parole (Board), dated February 15, 2005, denying his petition for administrative relief from the Board's January 3, 2005 order, that denied him credit for "in-home monitoring/house arrest from 7/15/2003 to 8/24/2003 and that refused to provide him with an evidentiary hearing on this issue."

Canty was originally sentenced to a term of 3 years, 41 days to 6 years, 82 days by the Philadelphia and Chester County Common Pleas Courts for multiple robbery offenses. His original maximum date was August 13, 2005. Canty was paroled on August 5, 2002, but was declared delinquent effective March 16, 2004.

Canty was arrested on April 22, 2004, on which date the Board lodged a detainer against him. On May 21, 2004, Canty was recommitted as a technical parole violator to serve the lesser of 18 months or his unexpired term when available. On July 20, 2004, Canty was convicted of new criminal charges for which he received a 2–year probation term. A revocation hearing was held on October 15, 2004, at which time Canty raised issues concerning credit for his custodial time. On November 30, 2004, the Board referred to its prior action of May 21, 2004, and recommitted Canty as a technical and convicted parole violator to serve his unexpired term, computed as 1 year, 4 months, and 4 days, with a parole violation maximum date as April 30, 2007.

Canty sought administrative relief from the Board's action, challenging the computation of his parole violation maximum date, and asked for an evidentiary hearing relating to the custodial aspects of various programs/facilities in support of his argument that he should receive credit for the time served therein. These programs/facilities included: Luzerne Drug & Alcohol Program from 8/5/2002 to 11/5/2002; Eagleville Hospital from 4/15/2003 to 7/15/2003; Eagleville Hospital from

12/2003 to 1/2004 (30 days); and in-home monitoring/house arrest from 7/15/2003 to 8/24/2003. On February 15, 2005, the Board responded to Canty's request granting him an evidentiary hearing regarding the custodial aspects of the Luzerne and Eagleville Hospital programs/facilities, but refusing to credit Canty for time spent on electronic monitoring or to provide him with an evidentiary hearing concerning this period. This appeal followed.

On appeal, Canty challenges solely the Board's denying his request for credit for time served on in-home monitoring/house arrest without conducting an evidentiary hearing that would provide findings on the record as to the restrictive aspects of the subject confinement. Relying upon analogous issues that Canty avers were raised in *Booth v. Pennsylvania Board of Probation and Parole,* 866 A.2d 1189 (Pa. Cmwlth.), *reversed,* 583 Pa. 429, 879 A.2d 156 (2005), Canty maintains that in *Booth,* as in the present case, no evidentiary hearing was conducted and no factual findings were made regarding the nature of the home monitoring. As a result, Canty notes that this Court remanded *Booth* to the Board to conduct an evidentiary hearing and seeks similar remand for the present matter.

Upon review of the record, we conclude that the Board did not err in denying Canty credit for the period of in-home arrest/electronic monitoring he served from 7/15/2003 to 8/24/2003, and in denying his request for an evidentiary hearing on the issue of said in-home monitoring. In *Commonwealth of Pennsylvania v. Kyle,*

582 Pa. 624, 634, 874 A.2d 12, 18 (2005), our Supreme Court stated:

It is clear that, for over a decade, Pennsylvania appellate courts have determined, as a matter of statutory construction, that criminal defendants are not entitled to credit against a sentence of imprisonment for time spent subject to home monitoring programs. See [*Commonwealth v. Kriston* ], [527 Pa. 90, 588 A.2d 898 (1991)]. Courts have interpreted the word "custody," as used in Section 9760, to mean time spent in an institutional setting such as, at a minimum, an inpatient alcohol treatment facility. This Court has emphasized that, because home release on electronic monitoring does not constitute custody, credit should not be awarded for it toward a prison sentence. Exceptions to this rule have been recognized only where equity was deemed to require it, such as when a defendant was assured that his time spent on electronic monitoring would count toward his sentence.

(Citations omitted.) The *Kyle* Court unequivocally concluded that time spent subject to electronic monitoring at home is not time spent in custody for purposes of credit under Section 9760,[1] and stated:

The case-by-case test proposed by the lead opinion in Chiappini is specifically disapproved. This interpretation and resulting bright-line rule will obviate the necessity of evidentiary hearings into the particulars of each electronic monitoring program around the Commonwealth, which would be necessary to implement a case-by-case test.

---

1. Section 9760(1) provides, in pertinent part:
   Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of

   the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
   42 Pa.C.S. § 9760(1).

. . . .

[W]e hold that the Superior Court erred as a matter of law in remanding this case to the PCRA Court for further evidentiary hearings, based on the Chiappini lead opinion's case-by-case approach.

*Id.,* 582 Pa. at 641, 642, 874 A.2d at 22, 23.

In *Kyle,* the Supreme Court does acknowledge that in certain instances, consideration may be necessary concerning whether equitable factors relating to the issue of awarding credit for electronic monitoring preclude the blanket denial of such credit. In this regard, Canty's situation is similar to that of the petitioner in *Kyle.* It is noted by the Court that Kyle failed to present any argument or evidence that any equitable factors existed, the record did not evince any equitable factors, and the trial court never suggested to Kyle that he would receive sentencing credit for the period of in-home electronic monitoring. Similarly in the present matter, Canty fails to present any argument or evidence of equitable circumstances to support his reliance upon receiving credit for in-home electronic monitoring, nor does the record contain any facts to support such reliance.

Accordingly, we affirm the order of the Board and dismiss Canty's appeal therefrom.

### ORDER

AND NOW, this 6th day of December 2005, the order of the Pennsylvania Board of Probation and Parole, denying Petitioner's request for administrative relief is AFFIRMED.