J-S04041-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MORRIS FOSTER MINTER, | : | |
| | : | |
| Appellant | : | No. 1089 MDA 2014 |

Appeal from the Order Entered May 29, 2014
in the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000205-2014

BEFORE:  BOWES, ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:               **FILED APRIL 21, 2015**

Morris Foster Minter (Appellant) appeals from the order entered May 29, 2014 denying his motion for application of credit time. We dismiss this appeal as moot.

On April 18, 2009, Appellant was arrested and charged at CP-28-CR-0001052-2009 (1052-2009) with driving under the influence (DUI) and other related offenses.  On July 1, 2009, Appellant pled guilty to one count of DUI, and was sentenced to a term of 90 days to 60 months of incarceration.  Appellant was paroled, violated, and resentenced three times between 2009 and 2014.

Subsequently, on January 15, 2014, Appellant was arrested and charged with one count of DUI while operating privilege is suspended or revoked – second offense, refusal at CP-28-CR-0000205-2014 (205-2014).

_____
* Retired Senior Judge assigned to the Superior Court

On January 28, 2014, through the Franklin County Court's Early Accountability Program, Appellant pled guilty at 205-2014, and was sentenced to 12 months of county intermediate punishment. The sentence was structured such that Appellant was to serve the first four months on work release from the Franklin County Jail, followed by two months of electronic monitoring, with the final six months to be spent on probation. Appellant was given credit time from January 15 to 28, 2014.

Appellant's new offense constituted another violation of his parole at 1052-2009. However, on March 18, 2014, Appellant successfully convinced the trial court to vacate his sentence at 1052-2009 on the basis of this Court's decision in **Commonwealth v. Musau**, 69 A.3d 754 (Pa. Super. 2013).[1] On April 20, 2014, the violation court determined that Appellant had exceeded his maximum allowable sentence at 1052-2009 by three months and 18 days. Accordingly, pursuant to 42 Pa.C.S. § 9760(3),[2] the court applied the excess credit time to the sentence imposed at 205-2014.

---

[1] The Court in **Musau** held that the maximum allowable sentence for a first or second DUI conviction under 75 Pa.C.S. § 3803 is six months' imprisonment.

[2] The statute provides that: "[i]f the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based."

However, the Franklin County Probation Department refused to apply the credit time towards Appellant's 205-2014 intermediate punishment sentence. On May 30, 2014, the trial court reversed course and denied Appellant's motion for application of credit time, stating that intermediate punishment imposed at 204-2014 "does not meet the requirements of confinement such that [Appellant] would be entitled to credit time." Trial Court Order, 5/30/2014. The court noted that, if Appellant violated the terms of his probationary sentence, the available credit time would be applied to any period of incarceration resulting from the violation. Appellant timely filed a notice of appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant argues that the trial court erred by not applying the applicable credit for time served. "A challenge to the trial court's failure to award credit for time served … involves the legality of a sentence." *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). "Issues relating to the legality of a sentence are questions of law[.] ... Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citations omitted).

It is undisputed that Appellant is entitled to three months, 18 days credit time under subsection 9760(a)(3). "Pennsylvania appellate courts consistently have interpreted section 9760's reference to 'custody' as

confinement in prison or another institution." ***Commonwealth v. Maxwell***, 932 A.2d 941, 944 (Pa. Super. 2007) (citations omitted). ***See Commonwealth v. Kyle***, 874 A.2d 12, 18 (Pa. 2005) (holding the defendant was not entitled to credit for time spent on release pending appeal subject to electronic home monitoring since, under section 9760, "in custody" means "time spent in an institutional setting"). Arguably, the portion of Appellant's sentence spent on work release from the county jail would qualify as "incarceration" under the statute. However, Appellant's issue is moot as he has served the entirety of his year-long sentence.

"Generally, a case will be dismissed if at any stage of the judicial process it is rendered moot." ***Commonwealth v. Sloan***, 907 A.2d 460, 465 (Pa. 2006). Additionally, a "challenge to [a] sentence, which has expired and which bears no collateral civil or criminal consequences, is moot and will not be addressed by this Court." ***Commonwealth v. King***, 786 A.2d 993, 996 (Pa. Super. 2001). An otherwise moot challenge to proper crediting of time served may only be reviewed if it is shown that there is a "reasonable expectation that the same complaining party would be subjected to the same action again." ***Mistich v. Pennsylvania Board of Probation and Parole***, 863 A.2d 116, 121 (Pa. Cmwlth. 2004).

Instantly, it has been over a year since the imposition of Appellant's year-long sentence, and the official criminal docket sheet lists the case as closed. The record bears no evidence that he was granted a stay, or bail

pending the instant appeal. Accordingly, the only relief he seeks, to have time credited to his sentence at 205-2014, is now impossible to grant.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/21/2015