J-S60015-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN DIAZ, | |
| Appellant | No. 3436 EDA 2014 |

Appeal from the Judgment of Sentence Entered October 14, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006571-2010

BEFORE:  BENDER, P.J.E., LAZARUS, J., and OTT, J.

MEMORANDUM BY BENDER, P.J.E.:                **FILED NOVEMBER 05, 2015**

Appellant, John Diaz, appeals from the judgment of sentence of an aggregate term of 8 to 16 years' imprisonment, imposed after the court revoked his term of probation based on new convictions in an unrelated case.  Appellant challenges the legality of his post-revocation sentence, alleging that the trial court failed to consider time served for the original sentence.  He also challenges discretionary aspects of his sentence.  We affirm.

The procedural history of this case was summarized by the trial court in its Pa.R.A.P. 1925(a) opinion as follows:

> After a waiver trial before this [c]ourt on October 4, 2010, [Appellant] was found guilty of Possession With Intent To Deliver Cocaine (PWID), 35 P.S. § 780-113(a)(30); Conspiracy to Deliver Cocaine, 18 Pa.C.S. § 903; and Knowingly or Intentionally Possessing a Controlled Substance by an Unregistered Person, 35 P.S. § 780-113(a)(16).  This [c]ourt

found [Appellant] not guilty on the charges of: Possession of a Firearm by a Prohibited Person, 18 Pa.C.S. § 6105(a)(1); Carrying a Firearm Without a License, 18 Pa.C.S. § 6106(a)(1); and Possession of an Instrument of Crime, 18 Pa.C.S. § 907(1). After finding [Appellant] guilty of the above charges, this [c]ourt ordered a Presentence Investigation Report (PSI Report).

On December 12, 2010, after reviewing the PSI Report, this [c]ourt sentenced [Appellant] to 3-6 years['] confinement followed by 3 years of reporting probation for PWID; and 109 months reporting probation, consecutive to the 3-6 year confinement, for Conspiracy to Deliver Cocaine. [Appellant] was credited with time served.

On March 3, 2013, [Appellant] was arrested and later pled guilty in the Schuylkill County Court of Common Pleas on April 23, 2014 to two (2) counts of Aggravated Assault, 18 Pa.C.S. § 2702(a)(4) and one (1) count of Possession of a Firearm by a Prohibited Person[,] 18 Pa.C.S. §6106(a)(1). [Appellant] was sentenced by the Honorable John E. Domalakes to a total of 4-8 years of confinement. These new crimes constituted a direct violation of this [c]ourt's probation.

On August 12, 2014, following a Violation of Probation (VOP) hearing, this [c]ourt revoked [Appellant's] probation due to the direct violation that occurred in Schuylkill County and ordered a PSI Report. On October 14, 1014, after reviewing the new PSI Report, this court sentenced [Appellant] to 3-6 years['] confinement followed by 3 years of reporting probation on the PWID charge, and 5-10 years of confinement for the Conspiracy charge.

A notice of appeal was filed by [Appellant] on November 12, 2014. On November 21, 2014, this [c]ourt issued an order pursuant to Pa.R.A.P. 1925(b), directing [Appellant] to file a Statement of Errors Complained of on Appeal (1925(b) Statement) by December 12, 2014. On December 18, 2014, [Appellant] filed a Motion for Extension of Time. On December 30, 2014[,] this [c]ourt granted a seventeen day extension, allowing [Appellant] until January 16, 2015 to file a 1925(b) Statement. On February 20, 2015, [Appellant] filed a "Statement of Matters to Be Raised on Appeal."

Trial Court Opinion (TCO), 3/11/15, 1-3.

Appellant states the following sole issue in his Statement of Questions Involved for our review: "Was the sentence imposed on Appellant an illegal sentence because [the court] failed to consider the time served for the original sentence?" Appellant's Brief at 7. While his Statement of Questions only references the legality of the sentence, Appellant's arguments also pertain to the discretionary aspects of his sentence.

When we consider an appeal from a sentence imposed following the revocation of probation, our standard of review is well settled:

> Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion. An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous. It is also now accepted that in an appeal following the revocation of probation, it is within our scope of review to consider challenges to both the legality of the final sentence and the discretionary aspects of an appellant's sentence.

***Commonwealth v. Crump***, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citations omitted).

To the extent that Appellant raises issues regarding the discretionary aspects of his sentence, we note the following:

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and

- 3 -

(4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed.

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citations and internal quotations omitted).

Here, Appellant argues that his sentence is manifestly excessive and that the trial court failed to consider certain environmental factors, his rehabilitative needs, and the severity of his previous crimes. Appellant's Brief at 12. However, Appellant failed to raise these objections at the sentencing hearing, nor did he file a motion to reconsider and modify sentence. Therefore, as the Commonwealth suggests, the discretionary aspects of sentencing claims are waived. ***See Commonwealth v. Hartman***, 908 A.2d 316, 319 (Pa. Super. 2006) (finding the appellant's discretionary aspect of sentencing claim waived where he failed to raise it during sentencing proceedings or in timely post-sentence motion).

The Commonwealth further asserts that this Court cannot consider Appellant's discretionary sentence claims, as he failed to include a separate concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence, pursuant to Pa.R.A.P. 2119(f). We agree with the Commonwealth. As we stated in ***Commonwealth v. Anderson***, 830 A.2d 1013, 1017 (Pa. Super. 2013), "if

[A]ppellant fails to comply with Pa.R.A.P. 2119(f) and the Commonwealth objects, the issue is waived for purposes of review."

Despite this fatal flaw in Appellant's brief and Appellant's failure to properly preserve these claims before the trial court, we are further precluded from reviewing these claims because Appellant failed to raise a substantial question to meet the fourth requirement of the four-part test outlined above. As we explained in **Moury**:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

**Moury**, 992 A.2d at 170 (citations and internal quotations omitted).

Appellant contends that his sentence was excessive where "there were no violent or potentially violent offenses included in this specific matter." Appellant's Brief at 11. Appellant also alleges that the trial court failed to "consider environmental facts which when discovered could [have] serve[d] to assist in the rehabilitation of the offender," and notes that he was exposed to drugs at a young age and had very little education. **Id.** at 12.

"[A] bald assertion that Appellant's sentence was excessive, devoid of supporting legal authority…does not present a substantial question," and therefore, is not reviewable by this Court. **Commonwealth v. Fisher**, 47 A.3d 155, 159 (Pa. Super. 2012). Moreover, "this Court has held on numerous occasions that a claim of inadequate consideration of mitigating

factors does not raise a substantial question for our review." ***Commonwealth v. DiSalvo***, 70 A.3d 900, 903 (Pa. Super. 2013) (internal citation omitted). ***See also Commonwealth v. Griffin***, 65 A.3d 932, 936 (Pa. Super. 2013) (finding that defendant's claim that his sentence failed to take into account his rehabilitative needs did not raise a substantial question); ***Commonwealth v. Cannon***, 954 A.2d 1222, 1228-29 (Pa. Super. 2008) (concluding that a claim that trial court failed to consider the defendant's rehabilitative needs, age, and educational background did not present a substantial question).

We now address Appellant's remaining claim that his sentence is illegal because the court failed to give credit for time served on the original sentence. As this Court has previously stated: "The issue of whether a sentence is illegal is a question of law; therefore our task is to determine whether the trial court erred as a matter of law and, in doing so, our scope of review is plenary." ***Commonwealth v. Maxwell***, 932 A.2d 941, 942 (Pa. Super. 2007) (internal citation omitted).

Specifically, Appellant asserts that he served a total of approximately thirty (30) months on his original sentence, and that the trial court never gave any consideration to this time served when imposing his sentence after the revocation of his probation. Appellant's Brief at 12. In support of his claim, Appellant references Section 9760 of the Sentencing Code, which provides, in relevant part, as follows:

> (1)    Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.  Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.
>
> (2)    Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts.  This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

42 Pa.C.S. § 9760(1), (2).

As we explained in **Crump**, "while the language of Section 9760 does not discuss an illegal sentence or the situation where a person receives a new sentence as a result of a probation violation, our case law analyzing the statute has outlined the necessary considerations we must make in determining whether a sentence is illegal." **Crump**, 995 A.2d at 1284.

> Our statutory and case law are clear.  Subsequent to revocation of probation, the sentencing court has available to it all the options permissible at the time of initial sentencing, giving due consideration "to the time spent serving the order of probation." 42 Pa.C.S. § 9771(b).  As long as the new sentence imposed does not exceed the statutory maximum when factoring in the incarcerated time already served, the sentence is not illegal.  Additionally, the sentencing court cannot give a new split sentence where the period of incarceration and period of probation exceed the statutory maximum.

**Id.** at 1285 (internal citations omitted).  Moreover, we have held that "a defendant is *not* entitled to credit for time served following revocation of

probation *if* the new sentence of incarceration does not reach the statutory maximum." ***Id.*** (emphasis added).

In the case at bar, the trial court provided the following detailed explanation of the sentence it imposed on Appellant:

> In this case, [Appellant] was found guilty of PWID and Conspiracy. The maximum period of incarceration for PWID, involving 6.3 grams of cocaine, is 5-10 years. 35 P.S. § 780-113(f)(1.1). However, because this was [Appellant's] second PWID conviction[,] the maximum penalty is doubled. 35 P.S. § 780-115(a). Therefore, at the time of sentencing[,] this [c]ourt could have sentenced [Appellant] to 10-20 years['] incarceration for PWID.
>
> The maximum period of incarceration for Conspiracy to Deliver Cocaine is 5-10 years. After [Appellant's] waiver trial before this [c]ourt, [Appellant] was sentenced to 109 months of reporting probation and no incarceration for Conspiracy. Therefore, this [c]ourt's sentence of 5-10 years['] for Conspiracy after revoking [Appellant's] probation is a legal sentence that does not exceed the statutory maximum since [Appellant] served no time in prison for his original Conspiracy sentence.
>
> On the PWID charge, [Appellant] was originally sentenced to 3-6 years of confinement[,] followed by 3 years of reporting probation. [Appellant ] was sentenced on December 10, 2010 and was released on March 12, 2012, meaning [Appellant] served one year, three months and two days on the original sentence. After revoking [Appellant's] probation, this [C]ourt had the ability to choose from any sentencing option existing at the time of the original sentencing. This [c]ourt's sentence was limited only by the statutory maximum for a second PWID offense involving 6.3 grams of cocaine, which is 10-20 years.
>
> This court imposed a VOP sentence of 3-6 years of confinement followed by 3 years of reporting probation. That maximum prison sentence of 6 years, in addition to the amount of time served by [Appellant] on the original sentence—1 year, 3 months[,] and 2 days—does not exceed, or even approach, the statutory maximum of 10-20 years of incarceration. Because the combination of the VOP sentence and time served on the

original sentence does not exceed the statutory maximum, credit for time served was not required. Therefore, the sentence imposed by this court upon revocation of [Appellant's] probation is a legal sentence.

TCO at 4-5.

Based on our review of the record, Appellant's sentence does not come close to reaching the statutory maximum and, therefore, Appellant was not entitled to credit for time served. Appellant's claim regarding the legality of his sentence is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2015