J-S29001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| EDWARD RIPLEY MAXWELL, | |
| Appellant | No. 324 WDA 2014 |

Appeal from the Order Entered January 31, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0004837-2002

BEFORE:  BENDER, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                  **FILED MAY 18, 2016**

Appellant, Edward Ripley Maxwell, appeals from the trial court's January 31, 2014 order dismissing his petition seeking enforcement of his 2003 plea agreement.  After careful review, we affirm.

On February 7, 2003, Appellant entered a negotiated guilty plea to charges of indecent assault, 18 Pa.C.S. § 3126(a)(7) (prohibiting indecent contact with a "complainant [who] is less than 13 years of age"), and corruption of minors, 18 Pa.C.S. § 6301.  Appellant was subsequently sentenced on May 5, 2003.  For indecent assault, the trial court sentenced Appellant to 18 months' intermediate punishment, followed by 3½ years' probation.  For corruption of minors, the trial court sentenced Appellant to a

_____

[*] Former Justice specially assigned to the Superior Court.

consecutive term of 5 years' probation. At the time of his sentencing, Appellant was required to register with the state police for a period of ten years under Megan's Law.[1]

At a *Gagnon*[2] II hearing held on January 23, 2006, the trial court found that Appellant had violated the terms of his probation, as he had twice been discharged from his sex offender rehabilitation program due to his failure to comply with the prescribed treatment regimen. Consequently, the trial court revoked Appellant's probation and imposed a new aggregate sentence of 2½-5 years' incarceration, followed by 5 years' probation. Appellant unsuccessfully appealed his new sentence. *See Commonwealth v. Maxwell*, 932 A.2d 941 (Pa. Super. 2007), *appeal denied*, 940 A.2d 363 (Pa. 2007). Appellant then filed a timely PCRA[3] petition on March 20, 2008. His petition unexplainably sat dormant for 2½ years until PCRA counsel was appointed in October of 2010. However, PCRA counsel was permitted to withdraw on March 3, 2011, after filing a *Turner*/*Finley*[4] no-merit letter.

_____

[1] 'Megan's Law' generally refers to a set of civil penalties/obligations imposed on individuals convicted of criminal sexual offenses, including, *inter alia*, registration and reporting requirements. Pennsylvania's version of Megan's Law was enacted in 1995 and codified at 42 Pa.C.S. §§ 9791–9799.9 (expired December 20, 2012).

[2] *See Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

[3] Post Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq*.

[4] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

The PCRA petition was denied on August 1, 2011, and Appellant did not appeal from that decision.

Appellant violated the terms of his probation again, which was the basis for his arrest in June of 2011. Consequently, Appellant was resentenced on June 6, 2013, to a new term of 2½-5 years' incarceration. As a result of this new sentence, Appellant is now required to register for life as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S. § 9799.10 *et seq*.[5] **See** 42 Pa.C.S. § 9799.15(a)(3) ("An individual convicted of a Tier III sexual offense shall register for the life of the individual."); 42 Pa.C.S. § 9799.14(c) (classifying 18 Pa.C.S. § 3126(a)(7) as a Tier III offense).

Apparently, during the period between Appellant's 2011 arrest and the new sentence imposed in June 2013, Appellant was represented both by assistant public defender and current counsel, Victoria H. Vidt, Esq., and by private counsel, Michael J. Machen, Esq. Attorney Vidt avers that that she

---

[5] SORNA became effective on December 20, 2012, and requires all "individuals who are currently subject to the criminal justice system of this Commonwealth as inmates, supervised with respect to probation or parole or registrants under this subchapter to register with the Pennsylvania State Police *and to otherwise comply with this subchapter*." 42 Pa.C.S. § 9799.10(4) (emphasis added). Thus, Appellant would have been subject to the new registration requirements had his probation imposed in 2006 continued to remain in effect through December 20, 2012. Therefore, Appellant may have been subject to the new requirements under SORNA even had he not been resentenced in 2013.

was unaware that Appellant had retained private counsel when she filed a petition seeking enforcement of Appellant's plea agreement on April 30, 2013, which is the subject of the instant appeal. *See* Petition (hereinafter, the "Petition"), 4/30/13, at 1. However, it does appear that Attorney Machen had only been retained for purposes of representing Appellant for his probation violation hearing, and not for the matter at issue herein. In any event, there is no record of Attorney Machen entering his appearance on Appellant's behalf.[6]

The trial court denied the Petition on February 4, 2014, and Appellant (via Attorney Vidt) filed a timely appeal. Appellant filed a timely docketing statement with this Court on March 10, 2014, and a timely, court-ordered Pa.R.A.P. 1925(b) statement with the trial court on April 22, 2014. The trial court issued its Rule 1925(a) opinion on February 23, 2015.

Appellant did not file a brief in accordance with the briefing schedule issued by this Court, nor did he file a petition seeking an extension of time to file a brief. Consequently, this Court remanded this case to the trial court for a determination of whether Attorney Vidt had abandoned Appellant. On May 28, 2015, the trial court issued an order indicating that Attorney Vidt had not abandoned Appellant, but instead had not received the briefing

_____

[6] There is only a single entry in the docket pertaining to Attorney Machen, indicating that he filed a "Motion to Reinstate Probation" for Appellant on November 27, 2012.

schedule. Accordingly, this Court reissued a briefing schedule, ordering Appellant to file a brief on or before August 19, 2015, and he complied.

Appellant now presents the following question for our review:

I.   DID THE TRIAL COURT ERR IN FAILING TO ORDER THAT [APPELLANT] WAS REQUIRED TO REGISTER AS A SEXUAL OFFENDER FOR ONLY A 10 YEAR PERIOD, A[S] THE INITIAL NEGOTIATED AGREEMENT BETWEEN HIMSELF AND THE COMMONWEALTH PROVIDED?

Appellant's Brief, at 5.

The essence of Appellant's argument is that the Commonwealth should be bound by the terms of the plea agreement, which provided that he would only be subject to registration as a sex offender for 10 years, despite his violations of probation that extended his sentence long enough to fall within the reach of SORNA. Appellant contends that his plea agreement should be treated as a contract that cannot be retroactively eviscerated by SORNA.

There is at least some theoretical support for Appellant's position to be found in **Commonwealth v. Hainesworth**, 82 A.3d 444 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 276 (Pa. 2014). In that case, this Court held that the defendant, who had specifically negotiated to avoid Megan's Law registration as part of his plea agreement reached before the enactment of SORNA, would not have to submit to the new requirements of SORNA, as he was entitled to the benefit of his bargain with the Commonwealth.[7]

_____

[7] In **Hainesworth**, the appellant filed a motion seeking to terminate his supervision one week prior to the effective date of SORNA.

Appellant seeks to extend the **Hainesworth** decision to include probation violators like Appellant who, some might argue, absolve the Commonwealth of upholding its end of the plea bargain when they violate terms of probation imposed under a negotiated sentence.

The trial court rejected Appellant's claim by relying on this Court's decision in **Commonwealth v. Partee**, 86 A.3d 245 (Pa. Super. 2014), *appeal denied*, 97 A.3d 944 (Pa. 2014). The Commonwealth agrees with the trial court's decision, asserting that **Partee** precludes relief in this case. In **Partee**, the appellant entered a negotiated *nolo contendere* plea agreement which included ten-year Megan's Law reporting requirements. We noted that, despite the absence of direct evidence that the applicable Megan's Law reporting requirement was an explicit term of Partee's plea agreement, it was "apparent that [the a]ppellant's negotiated plea agreement was structured so that he would only be subject to a ten-year rather than a lifetime reporting requirement[.]" **Id.** at 249.

However, unlike the appellant in **Hainesworth**, Partee had violated the terms of his probation prior to being subjected to the more onerous reporting requirements of SORNA. The **Partee** Court found this fact to be dispositive in rejecting the applicability of **Hainesworth**. The Court reasoned that, by violating his probation, Partee had failed to uphold his obligation under the plea agreement reached in his case. The Court based this holding on the well-established principle that, with respect to new sentences imposed for violations of probation, a "trial court is free to impose

any sentence permitted under the Sentencing Code and is not restricted by the bounds of a negotiated plea agreement between a defendant and prosecutor." ***Partee***, 86 A.3d at 249 (relying on ***Commonwealth v. Wallace***, 870 A.2d 838 (Pa. 2005)).

Instantly, we agree with the trial court and the Commonwealth that ***Partee*** is controlling authority. Appellant recognizes ***Partee***'s adverse holding. He notes, however, that in his appeal, Partee did "not address the Commonwealth's argument or the legal effect of his probation violation upon the original plea agreement." ***Partee***, 86 A.3d at 250. Thus, Appellant argues that "because the opportunity to argue the issue did not occur in ***Partee***, this discussion should be deemed *dicta* and this Court should still permit argument on the issue." Appellant's Brief, at 16. We disagree. Appellant cites no authority for the proposition that a legal holding in a case is mere *dicta* because a party inadequately argued against, or failed to argue against, their opponent's successful legal argument.

Nevertheless, Appellant goes on to present a robust argument as to why ***Partee*** was wrongly decided. However, [t]his panel is not empowered to overrule another panel of the Superior Court." ***Commonwealth v. Beck***, 78 A.3d 656, 659 (Pa. Super. 2013). Thus, we are constrained to recognize ***Partee*** as controlling in this matter, and we reject Appellant's claim on that basis. Consequently, we conclude that the trial court neither erred nor abused its discretion when it denied relief based on ***Partee***.

Order ***affirmed***.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/18/2016