J-A07044-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| JOSE FIGUEROA, JR. | : : | |
| Appellant | : : | No. 1084 MDA 2017 |

Appeal from the Judgment of Sentence June 23, 2017
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003340-2017,
CP-22-CR-0003341-2017

BEFORE: PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

DISSENTING MEMORANDUM BY STEVENS, P.J.E.: **FILED JUNE 22, 2018**

The issue of whether Appellant Jose Figueroa, Jr., is entitled to credit for time he spent in a juvenile detention facility prior to the transferring of his cases to the adult criminal division and entry of his guilty plea is a matter of statutory interpretation.

The right to credit for time served is statutory in nature and arises from 42 Pa.C.S.A. § 9760. Statutory interpretation of Section 9760 is "a question of law, and our review, as an appellate court, is plenary." *In re L.C., II*, 900 A.2d 378, 380 (Pa.Super. 2006). "The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a).

Section 9760 provides, in relevant part, the following:

---

\* Former Justice specially assigned to the Superior Court.

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1).

Thus, "credit for time served is generally reserved for situations where the defendant is 'in custody.'" **Commonwealth v. Martz**, 42 A.3d 1142, 1145 (Pa.Super. 2012) (quotation omitted). This Court has recognized that "[t]he principle underlying [Section 9760] is that a defendant should be given credit for time spent in custody prior to sentencing for a particular offense." **Commonwealth v. Fowler**, 930 A.2d 586, 595 (Pa.Super. 2007).

"The easiest application of Section 9760(1) is when an individual is held in [an adult] prison pending trial, or pending appeal, and faces a sentence of incarceration: in such a case, credit clearly would be awarded." **Commonwealth v. Shull**, 148 A.3d 820, 847 (Pa.Super. 2016) (internal quotation omitted). However, the statute provides little explicit guidance in resolving the issue where the defendant spent time somewhere other than in an adult prison. **See id.** "This difficulty results in part from the fact that neither Section 9760, nor any other provision of the Sentencing Code, defines the phrase 'time spent in custody.'" **Shull**, 148 A.3d at 847 (quotations omitted).

However, this Court has recognized that the Legislature used the broader term "custody" instead of "imprisonment" in Section 9760. ***Commonwealth v. Druce***, 868 A.2d 1232 (Pa.Super. 2005). Accordingly, this Court has held that under Section 9760 "custody includes forms of restraint other than imprisonment." ***Id.*** at 1236 (citation omitted). Specifically, we have held that "time spent in custody" includes time "served in a court-ordered inpatient [adult] rehabilitation program[.]" ***Commonwealth v. Lee***, 182 A.3d 481, 485 (Pa.Super. 2018) (citation omitted).

On the other hand, this Court has held that "custody" does not include time spent in a voluntary inpatient alcohol treatment facility, at home on electronic monitoring, or in a halfway house. ***See Lee***, ***supra***; ***Commonwealth v. Maxwell***, 932 A.2d 941 (Pa.Super. 2007). The reasoning underlying our appellate decisions is that, where the nature of the time served satisfies the later imposed adult prison sentence, the defendant should receive credit against that prison sentence; however, where the time served does not satisfy the later imposed adult prison sentence, the defendant should not receive such credit. ***See id.***

In the case *sub judice*, the time for which Appellant requests credit constitutes the time he spent in a juvenile facility in relation to the Commonwealth's filing of delinquency petitions under the Juvenile Act and prior to his waiver of his charges to adult court. As the learned trial court

aptly notes in its opinion, our Legislature treats the detention of children under the Juvenile Act differently from confinement of adults in prison.

In *In re J.M.*, 42 A.3d 348 (Pa.Super. 2012), we recognized this distinction, thus holding that delinquent juveniles may not be detained in a facility used primarily for the detention of adults serving criminal sentences as the latter does not fulfill the "Legislature's clear intent to protect the community while rehabilitating and reforming juvenile[s]." *Id.* at 351. The logical corollary of our holding in *In re J.M.* is that juveniles held in juvenile detention facilities are not entitled, as of right, to credit for time served against their adult prison sentences.

Having so concluded, however, our case law indicates that, even where a defendant is not entitled to credit as of right under Section 9760, the approval of such credit is within the sound discretion of the trial court. *Commonwealth v. Toland*, 995 A.2d 1242 (Pa.Super. 2010) (holding trial court may exercise its discretion in determining whether to grant a defendant credit towards his sentence of imprisonment for time voluntarily spent in institutionalized rehabilitation facility).

Here, Appellant sought credit on the basis that he had "waived both [cases] into adult court" and "accept[ed] responsibility for the[ ] charges." N.T., 6/26/17, at 7. In denying credit, the trial court noted that Appellant's statements that he had accepted responsibility were belied by his actions in that, soon after he was detained at the juvenile facility, he participated in an

- 4 -

attack upon staff members. Trial Court Opinion, filed 8/24/17 at 5. As the trial court stated, "This behavior does not sound like an individual who accepts the responsibility for their charges." *Id.*

Further, the trial court indicated that it was denying credit because, in accepting the negotiated plea agreement, the trial court took into consideration the time Appellant spent in the juvenile facility prior to sentencing. *Id.* at 7. That is, the trial court indicated that it believed "Appellant was given the deal of a lifetime-three (3) charges [were] dropped and approximately twenty-three (23) to twenty-five (25) years of incarceration [was] shaved off the total maximum penalty for the two (2) charges in which he was sentenced." *Id.* The trial court noted that the "sentence as it currently stands allows the Commonwealth Department of Corrections and the Parole Board to address Appellant's rehabilitative needs." *Id.*

Accordingly, the trial court indicated that if it was required to give credit for the time Appellant spent in the juvenile facility it would not have accepted the negotiated plea agreement as the resulting "sentence would not have allowed enough time to meet the rehabilitative needs of Appellant." *Id.* There is no abuse of discretion in this regard. *See Toland*, *supra*.

Appellant received "the deal of a lifetime," according to the learned trial court. The Majority decision, respectfully, seals that deal.

I would find that Appellant is not entitled to credit for the time he served in a juvenile facility in the case *sub judice*. Accordingly, as I would affirm Appellant's judgment of sentence, I respectfully dissent.