J-S26038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD SCOTT WANAMAKER | |
| Appellant | No. 1678 MDA 2014 |

Appeal from the Judgment of Sentence September 3, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003715-2004

BEFORE:  OTT, J., WECHT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED MAY 15, 2015**

Appellant Richard Scott Wanamaker appeals from the judgment of sentence entered in the Lancaster County Court of Common Pleas following his convictions for statutory sexual assault, indecent assault of a person less than 13 years of age, and corruption of minors.[1]  We affirm Appellant's convictions, but vacate his judgment of sentence and remand for resentencing.

The trial court set forth the relevant facts and procedural history of this appeal as follows:

> Appellant sexually assaulted his female cousin an estimated 50 times between January 1, 2002, and March 3, 2004, in Conestoga Township, Lancaster County. During this time, when the victim was between the ages of

_____

[1] 18 Pa.C.S. §§ 3122.1, 3126(a)(7), and 6301(a), respectively.

nine and eleven, Appellant engaged in sexual intercourse with her, and fondled her vagina and buttocks. Additionally, he showed her pornography and threatened harm if she disclosed the sexual contact. By criminal Information docketed to No. 3715 of 2004, Appellant was charged on June 30, 2004, with rape, statutory sexual assault, aggravated indecent assault, indecent assault of a person less than 13 years of age, and corruption of minors.

Appellant originally entered a straight guilty plea before the Honorable Paul K. Allison on January 30, 2006, to the charges of statutory sexual assault, indecent assault and corruption of minors. The remaining two charges were *nolle prossed*. Appellant's conviction for these offenses triggered the provisions of the Pennsylvania statute commonly referred to as "Megan's Law," 42 [Pa.C.S.] §§ 9791 *et seq.*[2] Accordingly, sentencing was deferred pending the completion of an evaluation conducted by the Pennsylvania Sexual Offender Assessment Board (SOAB). Upon completion of the evaluation, a sexually violent predator (SVP) hearing was scheduled for July 19, 2006.

At the hearing on July 19, 2006, Appellant presented a motion to withdraw his guilty plea. Judge Allison granted Appellant's request at that time, and ordered the case listed for trial during the September 2006 Session of Criminal Court. Appellant once again changed his mind and on November 6, 2006, Appellant tendered a straight guilty plea to the charges of statutory sexual assault, indecent assault and corruption of minors. As before, the remaining two charges were *nolle prossed*.

A hearing to determine whether Appellant was an SVP pursuant to 42 [Pa.C.S.] § 9795.4(e)[3] was held at the time of the guilty plea on November 6, 2006. At the hearing, the Commonwealth and Appellant stipulated to assessments done by Dr. Robert Stein, the Commonwealth

_____

[2] This statute has been replaced by 42 Pa.C.S. § 9799.41.

[3] This statute has been replaced by 42 Pa.C.S. § 9799.24.

- 2 -

expert, and Dr. Timothy Foley, the defense expert. After considering both expert reports and the arguments of counsel, Judge Allison found that the Commonwealth had proven, by clear and convincing evidence, that Appellant was an SVP.

Appellant received a split sentence of 9 to 23 months, followed by 8 years of probation, for the offense of statutory sexual assault, and a concurrent sentence of 5 years of probation for the indecent assault charge. The corruption of minors charge merged for sentencing purposes with the statutory sexual assault charge. As a result of his conviction, Appellant is required to register with the Pennsylvania State Police for his lifetime.

Appellant filed a timely direct appeal to the Superior Court of Pennsylvania challenging the trial court's finding that he was an SVP. On April 21, 2008, a three-judge panel of the Superior Court affirmed the November 6, 2006, judgment of sentence, which included a determination of SVP status, in an unpublished memorandum. Appellant's petition for allowance of appeal was denied by the Supreme Court of Pennsylvania on March 20, 2008.

Appellant served the maximum of the jail component of his split sentence on Count 1 and commenced his probation on October 10, 2008. On May 22, 2009, a capias and bench warrant were issued for (1) failure to report for a probation appointment on May 21, 2009, (2) failure to maintain financial accountability (failure to pay for the polygraph), and (3) ongoing denial of the incident offense. On June 15, 2009, the capias was amended to include an additional allegation that Appellant was charged with a new criminal offense. On June 11, 2009, Appellant had been charged at Information No. 3182-2009 with the offense of Failure to Comply with Registration of Sexual Offender Requirements.[2]

> [2] 18 [Pa.C.S.] § 4915(a)(1).[4]

---

[4] This statute has been replaced by 18 Pa.C.S. § 4915.1.

On July 23, 2009, at a parole violation hearing before the Honorable Margaret C. Miller, Appellant was found to have violated the conditions of probation and parole. Parole was revoked but sentencing was deferred pending resolution of the new charge at No. 3182-2009. On November 12, 2009, Appellant appeared before Judge Miller and was sentenced on No. 3182-2009, Failure to Register, to 6 to 23 months incarceration followed by 5 years of probation, with credit served from June 11, 2009. On that same date, Appellant was sentenced on the parole violation docketed at No. 3715-2004. On Count 1 (statutory sexual assault) Appellant received a split sentence of one year less a day to two years['] less a day incarceration, to be followed by six years of probation. Appellant was sentenced on Count 2 (indecent assault) to a five year probationary period concurrent with Count 1. It was specifically noted that the sentence on this docket began that day (November 11, 2009) and credit was given from June 9, 2009 to June 11, 2009, due to bail being set on No. 3182-2009 on June 11, 2009, and Appellant was detained on the violation on the docket at issue on June 9, 2009. The time credit from June 11, 2009, until November 11, 2009, went to No. 3182-2009.

Appellant filed a motion for modification of sentence on December 11, 2009, which was denied by Judge Miller on December 28, 2009. On July 27, 2010, Appellant filed a *pro se* petition for early parole, which was denied by Judge Miller on July 30, 2010. [Appellant] was paroled on November 4, 2010.

On August 11, 2011, a capias and bench warrant were issued on Nos. 3715-2004 and 3182-2009, for Appellant's discharge from sex offender treatment at Commonwealth Clinical Group on August 9, 2011, for failure to comply with the treatment contract. Specifically, Appellant was non-compliant with attendance at weekly groups.

On September 21, 2011, at a parole violation hearing before the Honorable James P. Cullen, Appellant was found to have violated the conditions of probation and parole at Docket Nos. 3715-2004 and 3182-2009, and was sentenced as follows. At Docket No. 3715-2004, on Count 1 (statutory sexual assault), Appellant's parole was

- 4 -

revoked and he was sentenced to serve the unexpired balance. Judge Cullen also directed Appellant to serve a consecutive probation of five years on Count 1. On Count 2 (indecent assault), Appellant's probation was revoked and he received a new five year term of probation, consecutive to the parole sentence at Count 1. At Docket No. 3182-2009, Appellant's parole was revoked on Count 1 and Appellant was sentenced to the balance of the maximum sentence. Appellant served the maximum of the jail component of his second split sentence on Count 1 at No. 3715-2004, and commenced his probation on August 28, 2012.

On May 21, 2013, a walk-in capias was issued on Nos. 3715-2004 and 3182-2009, for Appellant's failure to comply with registration of sexual offenders in October of 2012. Appellant was served with a copy of the walk-in capias on May 31, 2013. On August 8, 2013, a marijuana pipe and K2 synthetic marijuana were found in Appellant's residence during a home visit by staff from the York County Adult Probation and Parole Office. Appellant admitted the contraband belonged to him. Therefore, on August 29, 2013, the walk-in capias was amended to include the new drug charges in York County and the Honorable Jeffery D. Wright revoked the walk-in status, and issued a bench warrant for Appellant's arrest.

On October 30, 2013, [the c]ourt found a probation violation at Nos. 3715-2004 and 3182-2009, and remanded Appellant to Lancaster County Prison for a later sentencing following the filing of a pre-sentence investigation report. On February 12, 2014, Appellant was sentenced as follows. At No. 3715-2004, as to each count, Appellant received a split sentence of 11-1/2 to 23 months['] incarceration at LCP, followed by 3 years of consecutive probation. The sentences were ordered to be served concurrently. Appellant was eligible for parole without petition after successfully completing two sessions of sex offender counseling. The probation was terminated as to the charge at No. 3182-2009. Parole was ultimately granted on March 11, 2014, and was due to expire on July 28, 2015, on both counts of indecent assault and statutory sexual assault at No. 3714-2004.

On April 9, 2014, a capias and bench warrant were issued on No. 3715-2004 for Appellant's violation of Condition No. 2 of the Lancaster County Adult Probation and Parole Office Sex Offender Program in that he failed to maintain an approved address. Through a series of circumstances, Appellant was reduced to a state of homelessness from March 11, 2014, through April 9, 2014. On July 16, 2014, [the c]ourt found a probation and parole violation and each were revoked. Sentencing was deferred pending an update of Appellant's pre-sentence investigation report.

On September 3, 2014, Appellant stood for sentencing. This Court imposed the statutory maximum sentence on both counts; that is, a sentence of five to ten years['] incarceration on Count 1 (statutory sexual assault) and a sentence of two and one-half to five years['] incarceration on Count 2 (indecent assault). The sentences were to be served concurrently. Appellant was given pre-sentence credit totaling 1,418 days on Count 1 and 369 days on Count 2. [The c]ourt based those totals on information provided by the Adult Probation and Parole Office as set forth at page 2 of the PSI report. An additional 149 days of pre-sentence incarceration stemming from the issuance of the last capias on April 9, 2014, was also added to Appellant's time credit.

Appellant filed a motion to modify sentence on September 15, 2014, claiming the [c]ourt's sentence on Count 1 was illegal under 42 [Pa C.S.] § 9760 because Appellant did not receive an additional 148 days of credit for the time period from June 9, 2009, through November 4, 2009, and an additional 370 days of credit for the time period from August 10, 2011, through August 15, 2012. Appellant further claims that the [c]ourt's sentence, although within the sentencing guidelines, was manifestly excessive and an abuse of discretion. This [c]ourt failed to act on the motion prior to the 30th day, and Appellant filed a timely notice of appeal from his judgment of sentence on October 3, 2014, following his revocation of probation. *See Commonwealth v. Coleman*, 721 A.2d 798 (Pa.Super.1998) (holding that the filing of a motion to modify sentence, following a revocation of probation, does not extend the appeal period; a defendant seeking to

> appeal a revocation order must do so within the thirty-day
> time period prescribed by Pa. R.A.P. 903(a)).

Trial Court Opinion, filed November 14, 2014, at 1-7 (citations to the record and one footnote omitted).

On October 6, 2014, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he timely complied on October 27, 2014.  Appellant raises the following issues for our review:

> IN REVOKING THE PROBATION COMPONENT OF AN ORIGINAL SENTENCE THAT WAS OF THE TYPE KNOWN AS A "SPLIT SENTENCE," WAS NOT THE COURT'S IMPOSITION OF A MAXIMUM SENTENCE OF 5 TO 10 YEARS ILLEGAL UNDER 42 PA.C.S. §9760 BECAUSE IT EXCEEDED THE STATUTORY MAXIMUMS FOR A FELONY OF THE SECOND DEGREE AFTER ACCOUNTING FOR PERIODS OF TIME THAT [APPELLANT] SERVED IN JAIL THROUGHOUT THE PROCEDURAL HISTORY OF THIS DOCKET NUMBER?
>
> WAS THE IMPOSITION OF AN AGGREGATE PROBATION VIOLATION SENTENCE OF 5 TO 10 YEARS['] INCARCERATION CLEARLY UNREASONABLE, SO MANIFESTLY EXCESSIVE AS TO CONSTITUTE AN ABUSE OF DISCRETION, AND INCONSISTENT WITH THE PROTECTION OF THE PUBLIC, THE GRAVITY OF THE OFFENSES, AND [APPELLANT'S] REHABILITATIVE NEEDS WHERE [APPELLANT] COMMITTED TECHNICAL VIOLATIONS ONLY AND WHERE THE SENTENCE CONSTITUTED THE STATUTORY MAXIMUM?

Appellant's Brief at 6.

For purposes of disposition, we will first address Appellant's second issue.  In his second issue, Appellant challenges the discretionary aspects of his sentence.  Appellant argues his sentence was manifestly excessive in

light of the fact that the revocation proceeding was based on technical violations alone. He claims that the court abused its discretion by applying the guidelines when it was clearly unreasonable to do so. We disagree.

Challenges to the discretionary aspects of sentencing do not entitle a petitioner to review as of right. *Commonwealth v. Allen*, 24 A.3d 1058, 1064 (Pa.Super.2011). Before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*

Presently, Appellant filed a timely notice of appeal and preserved his issues in a post-sentence motion. Further, Appellant's brief includes a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 21-24. We now must determine whether Appellant presents a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Prisk*, 13 A.3d 526, 533 (Pa.Super.2011). Further:

> A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Id.* (internal citations omitted).

"An appellant making an excessiveness claim raises a substantial question when he sufficiently articulates the manner in which the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Commonwealth v. Raven*, 97 A.3d 1244, 1253 (Pa.Super.2014), *appeal denied,* 105 A.3d 736 (Pa.2014) (internal citations omitted).

An appellant presents a substantial question "when a sentence of total confinement, in excess of the original sentence, is imposed as a result of a technical violation of parole or probation." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa.Super.2000).

Here, the trial court originally sentenced Appellant to a split sentence of 9-23 months of incarceration, followed by 8 years of probation for statutory sexual assault, and a concurrent sentence of 5 years of probation for indecent assault. After serving the maximum of the jail component of his

split sentence, Appellant commenced his probation on October 10, 2008. He violated the terms of his probation several times, and the court sentenced him for each violation. Most recently, the court sentenced Appellant to concurrent terms of 5-10 years' incarceration for statutory sexual assault and 2½-5 years' incarceration for indecent assault. Because Appellant's sentence of total confinement imposed as a result of a technical probation violation exceeds his original sentence, Appellant raises a substantial question for our review.

We observe:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

**Commonwealth v. Simmons**, 56 A.3d 1280, 1283-84 (Pa.Super.2012). Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S. § 9771(b). However, the imposition of total confinement upon revocation requires a finding that either "(1) the defendant has been convicted of another crime; or (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned, or (3) such a sentence is essential to vindicate the authority of the court." 42 Pa.C.S. § 9771(c).

Technical probation violations "can support revocation and a sentence of incarceration when such violations are flagrant and indicate an inability to reform." ***Commonwealth v. Carver***, 923 A.2d 495, 498 (Pa.Super.2007); ***see also Sierra***, 752 A.2d at 912 (incarceration was proper after appellant failed to keep probation appointments).

Although Appellant maintains that his probation violation was not flagrant as he only failed to report a change of address, his repeated probation violations indicate an inability to reform. At sentencing, the court reasoned:

> [W]hat concerns me more than anything else is…your lack of honesty and candor, the manipulation, the deception, and the downright lies to the Probation Department. You have been under court supervision since 2004. You're not a rookie to this process. You know what is required of you. Ongoing manipulation, deception and lies with people who have been found to be [SVPs] is dangerous because those are the tools of people who victimize others.
>
> You have been given many opportunities and you know how this works; and yet even as the process was going on to verify your address, you continued with this charade[.] [Y]ou continued with the lies.
>
> *     *     *
>
> The court has considered the pre-sentence investigation and all of the attachments in detail. I have considered the guidelines of the Sentencing Code and the sentencing guidelines. I have considered the character of [Appellant]. I have considered arguments of counsel, as well as the statement of [Appellant]. The court has considered the penalties authorized by the legislature.
>
> Incarceration is warranted because a lesser sentence would depreciate the seriousness of the crime and prevent

- 11 -

a danger to the community, given [Appellant's] ongoing behavior.

It cannot be said, [Appellant], that you have not been given the opportunity to comply. Again, you know what you're required to do and you choose to continue to lie and manipulate.

N.T., 9/3/14, at 12-14 (some capitalization omitted).

Upon revoking Appellant's probation, the court sentenced Appellant to incarceration, which was one of the options that existed at the time of original sentencing. *See* 42 Pa.C.S. § 9771(b). The court explained that Appellant's probation violation was flagrant and indicated an inability to reform. *See Carver, supra.* We find no abuse of discretion in the court's sentence.

In his other issue on appeal, Appellant argues his sentence is illegal because it exceeds the statutory maximum allowed by law. Specifically, he contends the imposition of 5-10 years' incarceration following the revocation of his probation exceeds the statutory maximum for statutory sexual assault because he was previously sentenced to a period of incarceration ranging from a minimum of nine months to a maximum of twenty-three months and has not been given credit for all of the time served on the earlier sentence. Appellant concludes, and both the trial court and the Commonwealth concede, that the court erred by failing to award Appellant an additional 383 days of sentencing credit for time served. We agree.

"The issue of whether a sentence is illegal is a question of law and our scope of review is plenary." **Commonwealth v. Crump**, 995 A.2d 1280, 1283 (Pa.Super.2010) (quoting **Commonwealth v. Maxwell**, 932 A.2d 941, 942 (Pa.Super.2007)).

> When determining the lawful maximum allowable on a split sentence, the time originally imposed cannot exceed the statutory maximum. **See** 42 Pa.C.S. § 9754; 42 Pa.C.S. § 9756; **Commonwealth v. Nickens**, 393 A.2d 758, 759 ([Pa.Super.]1978); **Commonwealth v. Perkins**, 448 A.2d 70 ([Pa.Super.1982). Thus, where the maximum is ten years, a defendant cannot receive a term of incarceration of three to six years followed by five years['] probation. However, in a situation where probation is revoked on a split sentence, as in the case *sub judice,* a defendant is not entitled to credit for time spent on probation. 42 Pa.C.S. § 9771(b); **see also** 42 Pa.C.S. § 9760 (credit for time served). Nor is a defendant automatically granted credit for time served while incarcerated on the original sentence unless the court imposes a new sentence that would result in the defendant serving time in prison in excess of the statutory maximum. **Commonwealth v. Yakell**, 876 A.2d 1040 (Pa.Super.2005); **Commonwealth v. Williams**, 662 A.2d 658 ([Pa.Super.]1995).

**Id.** at 1284-84.

Here, Appellant has already spent 2,170 days (5.95 years) in prison, and the court sentenced him to the maximum sentence of 5-10 years' incarceration for statutory sexual assault. Thus, Appellant is correct that the sentence, when combined with the time he has already served, exceeds the statutory maximum unless he is given credit for time previously served. Although the court gave Appellant credit for most of his days of

incarceration, the court failed to give him credit for 383 days of that time served, and he is entitled to it.

The relevant statute provides, in pertinent part:

### § 9760. Credit for time served

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts. This shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

(3) If the defendant is serving multiple sentences, and if one of the sentences is set aside as the result of direct or collateral attack, credit against the maximum and any minimum term of the remaining sentences shall be given for all time served in relation to the sentence set aside since the commission of the offenses on which the sentences were based.

(4) If the defendant is arrested on one charge and later prosecuted on another charge growing out of an act or acts that occurred prior to his arrest, credit against the maximum term and any minimum term of any sentence resulting from such prosecution shall be given for all time

spent in custody under the former charge that has not been credited against another sentence.

42 Pa.C.S. § 9760.

Here, the trial court explains:

> The summary in the PSI gives Appellant no credit whatsoever for the periods of incarceration on the second violation proceeding. Appellant was incarcerated on August 10, 2011, received the unexpired balance on Count 1 at No. 3715-2004 on September 21, 2011, and was released on August 28, 2012. Appellant is entitled to 383 days of additional credit for the time period from August 10, 2011, through August 28, 2012.

Trial Court Opinion at 9.

Accordingly, we vacate the judgment of sentence, and remand with instructions that the sentencing court apply credit to the balance of Appellant's sentence for 383 days he was incarcerated from August 10, 2011, through August 28, 2012.

Convictions affirmed. Judgment of sentence vacated. Remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/15/2015

- 15 -