588 A.2d 898

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**William J. KRISTON, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 14, 1991.
Decided March 20, 1991.

Albert M. Sardella and Leonard Sosnov, West Chester, for appellant.

Stuart Suss, Deputy Dist. Atty., James P. MacElree, II, Dist. Atty., for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal, by allowance, from an *en banc* order of the Superior Court which affirmed an order of the Court of Common Pleas of Chester County denying a petition for parole filed by the appellant, William J. Kriston, Jr. *Commonwealth v. Kriston*, 390 Pa.Super. 543, 568 A.2d 1306 (1990) (6–3 decision). At issue is whether, for purposes of determining eligibility for parole, time spent in an electronic home monitoring program should be counted towards a mandatory minimum sentence of imprisonment imposed pursuant to 75 Pa.C.S. § 3731 (driving under the influence of alcohol).

In February of 1987, the appellant, William J. Kriston, Jr., was charged with his second offense of driving under the influence of alcohol. A guilty plea was entered in the Court of Common Pleas of Chester County, and a sentence of imprisonment of thirty days to twenty-three months was imposed. Appellant commenced serving his sentence at a prison facility on June 15, 1987. On June 24, 1987, he was transferred by the prison warden into an electronic home monitoring program. Transfer to the program occurred without the knowledge or consent of the sentencing court. Under the program, appellant left the prison and returned to his home where he wore an electronic device that would sound an alarm if he ventured more than one hundred feet from his telephone.[1] He was also subject to the possibilities of unannounced visits from prison officials and random

---

1. While participating in the home monitoring program, appellant was permitted to leave his home on a daily basis to continue with his employment. Employment is not an integral and essential feature of home monitoring. The present appeal does not, however, present any issue or claim relating to this aspect of the monitoring program.

drug and alcohol testing. Appellant spent a total of twenty-six days in the home monitoring program.

In July of 1987, appellant filed a petition seeking parole. The sentencing court denied the petition on the basis that only ten days of the mandatory thirty day minimum sentence had been served in prison. The court directed appellant to serve the remaining twenty days of his thirty day minimum sentence in prison. An appeal was taken to the Superior Court. The Superior Court affirmed, holding that the statutory penalty for driving under the influence of alcohol, i.e., a minimum term of imprisonment, was not satisfied by time spent in a home monitoring program. We agree, but, inasmuch as appellant's transfer by prison authorities into the home monitoring program was erroneous, the error should not work to appellant's detriment. Considerations of fundamental fairness require that appellant be given credit for time he served in the program.

█ Where, as in this case, a defendant is convicted of driving under the influence of alcohol after having once previously been convicted of the same offense, imposition of a thirty day "minimum term of imprisonment" is required by statute. In 75 Pa.C.S. § 3731(e), it is provided:

> (1) Any person violating any of the provisions of this section is guilty of a misdemeanor of the second degree and the sentencing court shall order the person to pay a fine of not less than $300 and serve a *minimum term of imprisonment* of:
>
> . . . .
>
> (ii) not less than 30 days if the person has previously been convicted of an offense under this section or of an equivalent offense in this or other jurisdictions within the previous seven years.

(Emphasis added).

Clearly, the legislature has imposed a substantial and serious penalty, to wit, "imprisonment," in an effort to deter and punish those who endanger the public safety by driving under the influence of alcohol. The term "imprison-

ment" was not defined by the legislature, so it must be construed in accordance with its common and ordinary meaning. See 1 Pa.C.S. § 1903(a) (Statutory Construction Act of 1972); *Commonwealth v. Sojourner*, 513 Pa. 36, 41, 518 A.2d 1145, 1147 (1986) (statutory language is to be construed in accordance with its plain meaning). We believe it would grossly distort the language used by the legislature if we were to conclude that the term "imprisonment" means merely "staying at home." The plain and ordinary meaning of imprisonment is confinement in a correctional or similar rehabilitative *institution*, not staying at home. The qualitative differences in treatment experienced by one who is confined in an institution, as opposed to one who merely stays at home, are too numerous and obvious to require elaboration.[2] The legislature would not have intended that its use of the term "imprisonment" would be so diluted in effect as to encompass home monitoring programs.

Numerous provisions of the Sentencing Code, 42 Pa.C.S. § 9711 et seq., demonstrate a legislative intent that sentences of imprisonment are to be served in *institutional* settings. For example, 42 Pa.C.S. § 9755(a) provides that a court shall, when imposing a sentence of partial confinement, specify "whether the confinement shall commence in a correctional or other appropriate institution." In connection with a sentence of partial confinement, the court may "grant the defendant the privilege of leaving the institution during necessary and reasonable hours for [certain enumerated purposes including employment and education]." 42 Pa.C.S. § 9755(c). In addition, 42 Pa.C.S. § 9756(a) provides that a court shall, when imposing a sentence of total confinement, specify "whether the sentence shall commence in a correctional or other appropriate institution." See also 42

**2.** Regarding the differences between imprisonment and staying at home, the Court of Common Pleas noted: "[T]he plain meaning of imprisonment is imprisonment. It's not sitting in [appellant's] living room, chomping on popcorn, watching the Phillies' game with [appellant's] arm around his girlfriend...."

Pa.C.S. § 9725 (total confinement involves "commitment to an institution").

Similarly, in 75 Pa.C.S. § 3731(h), it is provided that persons sentenced to terms of imprisonment for driving under the influence of alcohol can be assigned by the sentencing judge to participate in a "daytime work release program" to collect litter from public and private property. The very existence of such a provision implicitly recognizes that there will be an actual institution from which the prisoner can be *released.*

■ The sentence of imprisonment mandated by 75 Pa. C.S. 3731(e) for those found guilty of driving under the influence of alcohol is plain and unambiguous. Driving under the influence of alcohol is not an offense for which sentencing alternatives are available as a substitute for the mandatory minimum sentence. *Commonwealth v. Sojourner,* 513 Pa. at 43 n. 5, 518 A.2d at 1148 n. 5 (offense of driving under the influence of alcohol requires that "[s]ome type of incarceration is to be imposed even for first offenses."). In 42 Pa.C.S. § 9721(a), which describes sentencing alternatives generally, it is provided:

(a) **General rule.**—In determining the sentence to be imposed the court shall, *except where a mandatory minimum sentence is otherwise provided by law,* consider and select one or more of the following alternatives, and may impose them consecutively or concurrently:

(1) An order of probation.

(2) A determination of guilt without further penalty.

(3) Partial confinement.

(4) Total confinement.

(5) A fine.

(Emphasis added).

Home monitoring programs bear some similarities to both probation and partial confinement programs. The degree of confinement experienced by one who undergoes home monitoring is certainly greater than is normally experienced under probation, but clearly less than is experienced

through confinement in an institution. The legislature has expressly removed from consideration sentencing alternatives such as probation and partial confinement in cases, such as the present one, where a mandatory minimum sentence is provided by law. We believe this demonstrates an intent that a mandatory sentence of imprisonment is to be carried out through actual imprisonment in an institutional setting rather than through lesser means.

It has also been suggested that home monitoring is analogous to an electronically supervised form of parole. Yet parole cannot be granted for one who has been found guilty of driving under the influence of alcohol until the mandatory minimum sentence has been served. See *Commonwealth v. Pryor*, 347 Pa.Super. 239, 500 A.2d 811 (1985).

In short, the legislature has mandated that a second conviction for driving under the influence of alcohol shall carry a serious penalty, thirty days imprisonment. If the legislature had intended that it would be sufficient for an offender to stay at home, it would not have used the term "imprisonment," which, by its plain and ordinary meaning and by legislative references to confinement found in the Sentencing Code, must be taken to mean confinement in an institution.

In reaching this decision, we are not unmindful that home monitoring programs serve to alleviate problems associated with the heavily overburdened prison system in this Commonwealth. A cure for the problem of prison overcrowding, however, is properly within the legislative realm. This Court cannot intrude into the legislative realm to deal with the problem, by upholding home monitoring as a means of serving mandatory minimum sentences, where doing so would mean ignoring the plain language of legislation requiring "imprisonment" of offenders.[3]

3. We note that the legislature recently addressed problems of the overburdened prison system by adopting the County Intermediate Punishment Act, Act No. 1990–193 (SB718), enacted December 19, 1990 (effective immediately). The Act provides that county authori-

Appellant argues that even if, as we have held, electronic home monitoring does not constitute imprisonment, he should nevertheless be granted credit for the time he served in the electronic home monitoring program. Appellant's argument is based upon the Commonwealth Court's decision in *Jacobs v. Robinson,* 49 Pa.Cmwlth. 194, 410 A.2d 959 (1980). In *Jacobs,* a convict was inadvertently released from prison because of a clerical error in recording his sentence. Upon his release, he came under the supervision of probation authorities. When the error was discovered, the convict was taken back into custody. He was denied credit by prison authorities for the time that he was at large in the community under supervision of probation authorities. The Commonwealth Court held, however, that credit towards his sentence must be afforded for the time that he was away from prison. It reasoned that a prisoner has a right to serve his sentence continuously rather than in installments, and that, inasmuch as the erroneous release was attributable to prison authorities rather than to any wrongdoing by the prisoner, the prisoner was entitled to credit for the time in question. We find this reasoning to be persuasive and, in the context of the present case, the considerations that favor granting credit are even stronger than in *Jacobs.*

Here, appellant's release was the result of an erroneous understanding by prison authorities as to the manner in which a mandatory minimum sentence for driving under the influence of alcohol must be served. Before entering the electronic home monitoring program, appellant was *assured* by prison authorities that time spent in the monitoring program would count towards his minimum sentence. Under these circumstances, denying appellant credit for time

ties can develop, and submit for approval, plans that would in certain cases allow sentencing courts to utilize enumerated options as alternatives to sentences of institutional confinement. It provides, for example, that persons convicted of driving under the influence of alcohol can be sentenced to participate in home monitoring programs. The Act was not in effect at times pertinent to the present case, and, obviously, appellant was not sentenced to participate in home monitoring but rather was sentenced to imprisonment.

served in home monitoring would constitute a manifest injustice.

Accordingly, while the Superior Court properly decided the manner in which a sentence of imprisonment for the offense of driving under the influence of alcohol should be served, appellant should nevertheless have been granted credit for time already spent in the home monitoring program. This case must be remanded to the Court of Common Pleas of Chester County for a new parole hearing, with the parole eligibility determination to be made with credit given for the time in question.

Order reversed, and case remanded.

ZAPPALA, J., concurs in the result.

LARSEN, J., files a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent. Appellant should serve his imprisonment of thirty days. The majority's theory of "erroneous misunderstanding" would allow death penalty defendants permission to wander our streets with a license to "get away with murder".