[J-100-2014] [MO: Baer, J.]
IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

CHARLES H. CHAMBERLAIN, : No. 76 MAP 2014
:
        Appellee : Appeal from the Order of the
: Commonwealth Court dated January 3,
      v. : 2014 at No. 604 CD 2013 Reversing the
: decision of the Unemployment
: Compensation Board of Review dated
UNEMPLOYMENT COMPENSATION : March 13, 2013 at Appeal No.
BOARD OF REVIEW, : B-EUC-12-09-F-B648-A, Decision No.
: B-549177
        Appellant :
: ARGUED: November 18, 2014


**DISSENTING OPINION**


**MR. JUSTICE STEVENS**             **DECIDED: April 27, 2015**

I respectfully dissent from the Majority's decision to affirm the Commonwealth Court decision that a criminal sentenced to house arrest is not "incarcerated" under Section 402.6 of the Unemployment Compensation Law (UC Law). For the reasons discussed infra, I would reverse the Commonwealth Court.

Rather, I would hold that criminals sentenced to house arrest after a conviction are "incarcerated" for purposes of Section 402.6 of the UC Law and thus are ineligible for unemployment compensation during the time of such house arrest.

Surely the Pennsylvania legislature did not intend a policy to provide unemployment benefits at the expense of Pennsylvania taxpayers to someone who is serving time, albeit on house arrest, for a crime.

The majority relies heavily on Commonwealth v. Kriston, 588 A.2d 898 (Pa. 1991) where appellant was sentenced to thirty days' to twenty-three months' imprisonment after pleading guilty to his second DUI offense. After serving ten days of the sentence in a prison facility, appellant was transferred by the prison warden into an electronic home monitoring program without the knowledge or consent of the trial court. Appellant spent twenty-six days in the home monitoring program and subsequently filed a petition seeking parole, which the trial court denied on the basis that appellant had served only ten days of the mandatory thirty day minimum sentence in prison. This Court was tasked, therefore, with determining whether a defendant's time spent on house arrest could be credited towards his mandatory minimum sentence for driving under the influence (DUI).

As the majority indicates, this Court found "it would grossly distort the language used by the Legislature if we were to conclude that the term 'imprisonment' means merely 'staying at home.'" Kriston, 588 A.2d at 899. As this Court explained in Commonwealth v. Wegley, 829 A.2d 1148 (Pa. 2003), Kriston stood for the proposition that "the comforts and amenities of the home are too far removed from the experience of institutional confinement to satisfy the Legislature's determination that certain offenses should carry serious punitive consequences." Wegley, 829 A.2d at 1151.

In Wegley, while appellant was serving a term of home confinement, he removed his electronic monitoring device and fled from his residence and was subsequently charged with escape pursuant to Section 5121(a) of the Crimes Code, which provides, in part, "A person commits an offense if he unlawfully removes himself from official detention…" 18 Pa.C.S. § 5121(a). Appellant asserted that his home confinement did

not amount to "official detention" for purposes of the criminal offense of escape. While acknowledging this Court's holding in Kriston as well as the stark differences between home confinement and confinement in a prison setting, this Court nevertheless found that a sentence of home confinement following a conviction constituted "official detention" for purposes of the escape statute. This Court explained that Kriston "dealt with the question of whether various different settings were sufficiently prison-like to entitle an individual who spent time in them to credit under the Sentencing Code against a mandatory sentence of incarceration," but did not address the separate question of whether, "in spite of the amenities and nonrehabilitative temptations present in the home, an offender … who is restricted to his home … is subject to detention." Wegley, 829 A.2d at 1151-1152 (internal citations omitted). This Court ultimately found "[S]ince [Appellant] was detained within the confines of his home as part of his sentence of punishment for forgery, and remained within the state's custody, he was subject to detention." Id. at 1152.

As Wegley makes clear, Kriston was decided on the premise that an individual sentenced to home confinement should not be permitted to take advantage of the more lenient sentence of home confinement when a DUI sentencing provision clearly called for more punitive consequences.

The mere fact that a criminal on house arrest may be liberally permitted to leave home to attend work, as was the case instantly, does not obviate the fact that the individual is serving a sentence following a conviction.

In this case the criminal is enjoying all the amenities of a house arrest as opposed to stark imprisonment in a state institution. He should not be rewarded with unemployment compensation during that time period.