# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Javier Gonzalez,                                              :
                       Petitioner                       :
                                    :
                v.                                       :   No. 1825 C.D. 2014
                                      :   SUBMITTED:  March 13, 2015
Unemployment Compensation                    :
Board of Review,                                           :
                      Respondent                    :


**BEFORE:**    **HONORABLE BONNIE BRIGANCE LEADBETTER,** Judge
                   **HONORABLE P. KEVIN BROBSON,** Judge
                   **HONORABLE ANNE E. COVEY,** Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE LEADBETTER**                       **FILED:  August 18, 2015**

        Javier Gonzalez (Claimant), *pro se*, petitions this court for review of the order of the Unemployment Compensation Board of Review (Board) affirming the determination made by the referee that he was ineligible under Section 402.6 of the Unemployment Compensation Law (Law),[1] due to his incarceration during the weeks at issue.  After review, we affirm.

        Claimant filed an application for unemployment compensation benefits in December 2013, following his seasonal layoff from Employer, Four

---

[1] Section 402.6 of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802.6, added by the Act of October 30, 1996, P.L. 738.  This section provides that "[a]n employe shall not be eligible for payment of unemployment compensation benefits for any weeks of unemployment during which the employe is incarcerated after a conviction."

Seasons Landscaping, where he normally worked a weekday-only schedule. Following the layoff period, Claimant returned to work at reduced hours during the claim weeks ending January 18 and 25, 2014, and claimed partial benefits for those weeks, reporting the wages he earned during those weeks. Claimant thereafter filed for total benefits for the weeks ending February 1, 2014, through February 22, 2014.

On January 13, 2014, Claimant pled guilty to driving under the influence (DUI), 75 Pa. C.S. § 3802(a)(1), and was sentenced by the trial court to serve forty-five consecutive weekends of incarceration in a county correctional facility, beginning January 17, 2014. The terms of Claimant's sentence required him to report for incarceration prior to 11:00 p.m. on a Friday and he would be released prior to 11:00 p.m. the following Sunday. Claimant was also required to pay $15.00 per diem to the correctional facility for each weekend of his incarceration.[2]

The Erie Unemployment Compensation Service Center determined that Claimant was ineligible for benefits under Sections 401(c),[3] 401(d)(1),[4] and 402.6 of the Law. Claimant appealed, and after a hearing, the referee determined that during the weeks Claimant filed for unemployment benefits, he was both able

---

[2] In addition, Claimant was required to attend and complete drug and alcohol treatment; undergo CRN Evaluation and treatment; attend safe driving school; and thereafter was put on probation for a minimum/maximum of three years. *See* Notes of Testimony, Hearing of April 11, 2014, Claimant's Exhibit C-2.

[3] Section 401(c), 43 P.S. § 801(c), provides in pertinent part that compensation shall be payable to an individual who becomes unemployed and "[h]as made a valid application for benefits with respect to the benefit year for which compensation is claimed and has made a claim for compensation in the proper manner and on the form proscribed by the department . . . ."

[4] Section 401(d)(1), 43 P.S. § 801(d)(1), states that a claimant must be able to work and available for suitable work in order to be eligible for benefits.

and available for work, as he showed that his normal work schedule consisted of weekdays. Further, the referee determined that there was no evidence that Claimant did not file a valid application for benefits or that he filed it in an improper manner. Therefore, the referee concluded that Claimant met the requirements of both Sections 401(d)(1) and 401(c) of the Law. With respect to Section 402.6 of the Law, the referee noted that while there was no current Pennsylvania case law interpreting Section 402.6 as it applies to individuals incarcerated only on weekends, the Board "has strictly construed Section 402.6 to mean that persons who are convicted of, or plead guilty to, a crime for which they serve incarceration in a facility for any period of time 'during' a week will be ineligible for compensation for said week." Referee's Decision/Order, May 13, 2014, at 2. Thus, the referee determined that Claimant was ineligible for benefits under Section 402.6 of the Law.

Claimant appealed to the Board, which affirmed. On further appeal to this court, Claimant questions whether the Board's interpretation of Section 402.6 contravenes the remedial purpose of the Law and is unduly punitive. In particular, Claimant asserts that because he was normally only scheduled to work weekday hours and was willing and able to work even though he was sentenced to forty-five consecutive weekends of incarceration during which he was required to pay for his room and board at the county correctional facility, the Law should be liberally construed in accordance with the declaration of public policy in Section 3 of the Law[5] and its remedial purpose, citing *Frumento v. Unemployment Compensation*

---

[5] 43 P.S. § 752, provides:

> Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of the Commonwealth. Involuntary unemployment and its resulting burden of indigency falls

**(Footnote continued on next page…)**

3

*Board of Review,* 351 A.2d 631, 633 (Pa. 1976) (this act was intended to be remedial and thus should be liberally construed to achieve its express purpose). In essence, Claimant argues that because he is only incarcerated for two days per week, days in which he did not usually work anyway, that he established eligibility for unemployment compensation benefits.

Even where a claimant meets the eligibility requirements of the Law, the General Assembly has enumerated certain circumstances under which a claimant may be disqualified from receiving benefits. For example, Section 402(e) of the Law provides, "An employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to his discharge . . . from work for willful misconduct connected with his work . . . ." 43 P.S. § 802(e). Section 402(b) provides that an employee who voluntarily terminates his employment without a necessitous and compelling reason is likewise ineligible for benefits. 43 P.S. § 802(b). In 1996, the General Assembly enacted Section 402.6, which states

---

**(continued…)**

with crushing force upon the unemployed worker, and ultimately upon the Commonwealth and its political subdivisions in the form of poor relief assistance. Security against unemployment and the spread of indigency can best be provided by the systematic setting aside of financial reserves to be used as compensation for loss of wages by employes during periods when they become unemployed through no fault of their own. The principle of the accumulation of financial reserves, the sharing of risks, and the payment of compensation with respect to unemployment meets the need of protection against the hazards of unemployment and indigency. The Legislature, therefore, declares that in its considered judgment the public good and the general welfare of the citizens of this Commonwealth require the exercise of the police powers of the Commonwealth in the enactment of this act for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

that an employee is ineligible for benefits for any week during which he is "incarcerated after a conviction." 43 P.S. § 802.6.

Recently, our Supreme Court considered the issue of whether "house arrest" constituted "incarceration" for purposes of the disqualification provision set forth in Section 402.6 of the Law in *Chamberlain v. Unemployment Compensation Board of Review,* 114 A.3d 385 (Pa. 2015). While noting that under its dictionary definition, "'incarceration' could be commonly understood to mean either imprisonment or the more broad definition of confinement," the Court concluded that the term was ambiguous and proceeded to "ascertain the intent of the General Assembly in enacting Section 402.6." *Id.* at 396-97. The Supreme Court noted that prior to the enactment of Section 402.6, there had been no specific provision disqualifying an incarcerated claimant from receiving unemployment compensation benefits, but that our decision in *Greer v. Unemployment Compensation Board of Review,* 392 A.2d 918 (Pa. Cmwlth. 1978), prompted the General Assembly to act. In *Greer,* we found that the claimant, who was incarcerated but on work release, was receiving benefits at the time of his incarceration, had no restrictions on his availability to work and made every effort to find a job, was not disqualified under Section 401(d)'s able and available to work requirement. While recognizing the amount of time that passed following this decision before the General Assembly enacted Section 402.6, our Supreme Court nevertheless determined that it was enacted "to change the law originally established by . . . *Greer* by precluding unemployment compensation benefits to those claimants who are incarcerated in prison and eligible for work release." *Chamberlain,* 114 A.3d at 396. However, the Supreme Court found that there was "no evidence to suggest that Section 402.6 was intended to disqualify claimants

5

*who were not incarcerated in a prison or an alternative institutional setting*, but rather were sentenced to the less severe sanction of home confinement." *Id.* (Emphasis added.) The Supreme Court concluded that, "[a]bsent clear language or legislative intent to disqualify claimants sentenced to home confinement, and considering the remedial purposes underlying the UC Law, we hold that Section 402.6's preclusion of benefits does not apply to claimants on house arrest." *Id.* (Footnote omitted.)

Although Claimant was available for work Monday through Friday, that is not the dispositive issue. In determining the intent of the General Assembly, the *Chamberlain* court twice quoted the legislative sponsor of Section 402.6 as stating (presumably with reference to the *Greer* holding) that it was "not right" for a convicted prisoner to receive benefits, even if he was available for work release. Thus, the decision in *Chamberlain* makes clear that the applicability of Section 402.6 does not depend upon the claimant's availability for work, but upon the meaning of the term incarceration, which it found to be "starkly different" from home confinement. It quoted *Commonwealth v. Kriston*, 588 A.2d 898 (Pa. 1991), wherein it stated, in a different context, that "[t]he plain and ordinary meaning of imprisonment is confinement in a correctional or other rehabilitative *institution*, not staying at home." *Id*. at 899 (emphasis in original). Here, there is no question that during the weeks at issue Claimant was incarcerated in a correction facility, albeit not every day. Therefore, under the plain mandate of the statute, Claimant is ineligible for benefits and, accordingly, we affirm the decision of the Board.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Javier Gonzalez,                           :
                    Petitioner             :
                                           :
          v.                               :    No. 1825 C.D. 2014
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :

# **O R D E R**

AND NOW, this 18th day of August, 2015, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Judge