J-A32020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY MICHAEL BOVE | |
| Appellant | No. 530 WDA 2015 |

Appeal from the Judgment of Sentence March 3, 2015
In the Court of Common Pleas of Armstrong County
Criminal Division at No(s): CP-03-CR-0000281-2013

BEFORE:  SHOGAN, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED DECEMBER 11, 2015**

Anthony Michael Bove appeals the judgment of sentence imposed March 3, 2015, in the Armstrong County Court of Common Pleas.  The trial court sentenced Bove to a term of 20 to 60 months' incarceration, following his guilty plea to one count of involuntary manslaughter in the beating death of James Sullivan.  On appeal, Bove argues the trial court imposed an illegal sentence because it refused to grant him credit for the time he served awaiting trial on electronic monitoring.  For the reasons below, we affirm.

The facts underlying Bove's guilty plea are as follows.  On March 17, 2013, Bove and three other men were involved in an altercation with Sullivan outside the Wick City Saloon in Kittanning Borough, Armstrong County.  Bove and his cohorts beat Sullivan to death.  For his part, Bove delivered a "soccer style kick" to the right side of Sullivan's body as he lay

on the street.  N.T., 12/5/2014, at 15.  At the time of his death, Sullivan suffered from a fractured skull, three fractured ribs and a torn inferior vena cava artery.

Bove was charged with criminal homicide, aggravated assault, simple assault, recklessly endangering another person and harassment.[1]  Following a preliminary hearing, Bove's bail was set at $100,000.00.  On May 6, 2013, Bove filed a motion to reduce his bond.  The trial court conducted a hearing on June 6, 2013, and entered an order reducing Bove's bail to an unsecured $25,000.00 bond, with house arrest and electronic GPS monitoring.[2]  **See** Order, 6/6/2013.  Bove subsequently secured the bond and was released on home monitoring.

On February 7, 2014, the Commonwealth filed a petition to revoke bail, contending Bove had violated the conditions of his house arrest, namely, he made an unauthorized stop at a convenience store.[3]  Following a

_____

[1] **See** 18 Pa.C.S. §§ 2501, 2702, 2701, 2705, and 2709, respectively.

[2] The trial court explained that, at the bail hearing, the Commonwealth conceded "the criminal homicide charge that [Bove] faces, does not rise to the level of either murder of the first degree or second degree."  Trial Court Memorandum, 6/6/2013, at 1.

[3] The Commonwealth filed an amended petition on February 14, 2014, stating Bove had also failed to charge his electronic monitoring device on four occasions, resulting in periods when Bove's movements could not be tracked by the probation department.  **See** Amended Petition to Revoke Bail, 2/14/2014, at 4.

hearing, on February 27, 2014, the trial court entered an order revoking Bove's bail and remanding him to the custody of the Armstrong County Jail. Thereafter, on March 4, 2014, bail was re-instituted, and Bove was released again on house arrest with electronic monitoring, where he remained until sentencing.[4]

On December 5, 2014, Bove entered a guilty plea to one count of involuntary manslaughter. As noted above, he was sentenced on March 3, 2015, to a term of 20 to 60 months' incarceration.[5] Although the trial court

_____

[4] While he was on house arrest, Bove filed several petitions seeking modification of his bail conditions. First, on October 30, 2013, Bove filed a petition for modification, contending his electronic GPS monitoring prohibited him from "searching for employment." Petition to Modify Bail Conditions, 10/30/2013, at ¶ 5. The court denied the petition on December 2, 2013. Next, on March 21, 2014, Bove filed a motion for furlough, requesting permission to attend a funeral. That motion was denied the same day because Bove failed "to state [the] familial relationship to decedent and lack of consent from the Commonwealth." Order, 3/21/2014. On June 27, 2014, Bove petitioned for permission to attend doctor appointments with his pregnant paramour. The court once again denied the petition that same day. Next, on July 14, 2014, he filed a petition seeking permission to reside with his paramour in Ford City. The court denied that petition on August 8, 2014, when Bove failed to appear for the modification hearing. Lastly, on November 25, 2014, Bove filed another modification petition requesting to live with his mother in Ford City. The court declined to rule on that petition in light of Bove's upcoming hearing set for December 5, 2014. It was during that hearing that Bove entered a guilty plea.

[5] That same day, immediately before sentencing, Bove sought to withdraw his guilty plea, claiming he was innocent of the crimes charged. *See* N.T., 3/3/2015, at 3-6. The trial court denied the request based on Bove's statements during the plea colloquy. *Id.* at 7. Nevertheless, the court permitted Bove to testify regarding his reasons for wanting to withdraw his
*(Footnote Continued Next Page)*

credited Bove for time served when he was incarcerated both after his arrest and during the time his bail was revoked, the court did not credit Bove for the time he spent on house arrest with electronic monitoring. This timely appeal followed.[6]

In his sole issue on appeal, Bove contends the trial court erred in failing to give him credit for the time he served, prior to trial, on house arrest with electronic monitoring.[7] It is well-settled that "[a] challenge to the trial court's failure to award credit for time served prior to sentencing involves the legality of a sentence." *Commonwealth v. Johnson*, 967 A.2d 1001, 1003 (Pa. Super. 2009). Our standard of review is as follows:

> The issue of whether an individual is entitled to sentencing credit against a term of incarceration for time spent on bail release subject to electronic home monitoring is primarily one of statutory construction. Therefore, this Court's review is plenary and we owe no deference to the lower courts' legal conclusions.

*Commonwealth v. Kyle*, 874 A.2d 12, 17 (Pa. 2005).

_____

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

plea, which included he wanted "to go to trial so [he could] prove his innocence" and he "kind of" felt pressured to take the plea. *Id.* at 11-12.

[6] On March 31, 2015, the trial court ordered Bove to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Bove complied with the court's directive, and filed a concise statement on April 21, 2015.

[7] Although Bove listed a second claim in his statement of questions involved, he stated that "after further inspection of the relevant case law, this issue is not being presented for … review." Bove's Brief at 2.

Pursuant to 42 Pa.C.S. § 9760, a defendant is entitled to receive credit for certain periods of time served prior to sentencing, including,

> all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.  Credit shall include **credit for time spent in custody prior to trial**, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1) (emphasis supplied).

Here, the trial court gave Bove credit for the 84 days he spent incarcerated prior to trial, but not for the time he spent on house arrest with electronic monitoring.[8]  Although he acknowledges the Pennsylvania Supreme Court, in **Kyle**, **supra**, held that defendants are generally not entitled to credit for time served on electronic monitoring programs, he asserts the **Kyle** Court specifically recognized there are exceptions to the general rule "when equity [is] deemed to require it[.]"  Bove's Brief at 5, *citing* **Kyle**, **supra**.  Bove contends that, under the facts of his case, "equity requires that [he] receive credit for time served on electronic monitoring." ***Id.***

First, Bove claims "the conditions of his release were more stringent than in a typical case." ***Id.*** at 5-6.  He emphasizes:

_____

[8] Although Bove does not specify the exact time credit he seeks in his brief, pursuant to our calculations, if his time on house arrest was included, he would receive an additional credit of more than 20 months, which would, therefore, make him eligible for immediate parole. ***See supra*** at 2-3 (Bove was on house arrest with electronic monitoring from 6/6/2013 to 2/27/2014, and 3/3/2014 to 3/3/2015).

> [He] was neither permitted to reside in his own residence during his time on electronic monitoring, nor permitted to seek employment, nor permitted to change his residence, nor permitted outside the confines of a relative's home [where he was staying], except to travel to and from doctor's appointments (for himself only) and legal appointments (specifically meeting with his attorney, meeting with a probation officer and court appearances).

*Id.* at 6. Moreover, Bove explains he filed four separate petitions to modify the conditions of his bail – including requests to work, attend a relative's funeral, attend doctor appointments with his pregnant paramour, and change the location of his house arrest – all of which the trial court denied. Therefore, he claims these circumstances surrounding his electronic monitoring amount to incarceration. *See id.* at 7.

Second, Bove argues he is entitled to credit for the time he served on electronic monitoring based on the terms of his "Electronic Monitoring Application." Bove asserts the application, a copy of which he attached to his brief, specifically states, "House Arrest is the same as incarceration[.]" *Id.* at 7. *See also* Exhibit C. Therefore, he contends the parties "clearly intended for the House Arrest to be considered as incarceration," and he should receive credit for time he served in that program. *Id.* at 8.

The trial court, however, rejected Bove's arguments, in *toto*, concluding the Supreme Court's decision in *Kyle* is controlling. *See* Trial Court Opinion, 5/7/2015, at 8. We agree.

In *Kyle*, the Supreme Court attempted to clarify the law on credit for time served as stated in its prior fractured decision, *Commonwealth v.*

- 6 -

*Chiappini*, 782 A.2d 490 (Pa. 2001). In *Chiappini*, the lead opinion, authored by Justice Zappala and joined by then Chief Justice Flaherty and Justice Newman, "suggested a case-by-case test for determining whether a person on an electronic monitoring program has spent time in Section 9760 custody, which would require the examination of the extent of control exercised by those in authority in the program." *Kyle*, *supra*, 874 A.2d at 19. *See Chiappini*, *supra*, 782 A.2d at 501. Justice Zappala concluded the electronic monitoring program at issue therein severely limited the defendant's freedom in such a way that the defendant was in custody for purposes of Section 9760. *Chiappini*, *supra*, 782 A.2d at 501.

In a concurring opinion, Justice Nigro expressed disfavor "upon a process that allows people to serve sentences in the comforts of their own home." *Id.* at 502 (Nigro, J., concurring). Nevertheless, he concluded that the defendant "should, on the basis of equity, receive credit" for the time he spent on electronic monitoring while on bail awaiting retrial after an initial guilty verdict. *Id.* Further, Justices Cappy, Castille and Saylor filed separate Concurring and Dissenting Opinions, all of which advocated the defendant receive no credit for time served on home arrest/electronic monitoring as a condition of bail. *See id.* at 503 (Cappy, J., concurring and dissenting), 503-507 (Castille, J., concurring and dissenting), 507-508 (Saylor, J., concurring and dissenting).

The *Kyle* Court recognized that the case-by-case approach, set forth in the lead opinion in *Chiappini*, was not supported by a majority of the

Court and, as such, lacked precedential value. Therefore, the Court held:

"Today, we make clear that time spent on bail release, subject to electronic monitoring, does not qualify as custody for purposes of Section 9760 credit against a sentence of incarceration." **Kyle**, **supra**, 874 A.2d at 20. The Court further opined:

> Release on any form of bail necessarily restricts one's liberty, but release to one's home on bail subject to electronic monitoring does not reach the level of restriction that necessarily attends placement in an institutional setting. Accordingly, we hold that time spent subject to electronic monitoring at home is not time spent in "custody" for purposes of credit under Section 9760. The case-by-case test proposed by the lead opinion in **Chiappini** is specifically disapproved. This interpretation and resulting bright-line rule will obviate the necessity of evidentiary hearings into the particulars of each electronic monitoring program around the Commonwealth, which would be necessary to implement a case-by-case test. This holding also has the salutary benefit of avoiding inconsistent results in these matters, based on perceived nuances in various programs across the Commonwealth.

**Id.** at 22 (internal citation omitted). Furthermore, although the Court acknowledged that in prior cases, "credit has been awarded … based upon equitable circumstances[,]" it found that no such circumstances were present in that case. **Id.** at 22-23. The Court concluded:

> As a practical matter, defendants now must choose whether to accept the condition that they post bail and spend time on electronic monitoring, should the court so require—in which case credit will not be awarded—or to forgo release on bail restriction and immediately serve their prison sentences—for which credit will be available.

**Id.** at 23.

Bove seizes upon the language in the **Kyle** decision recognizing that equitable considerations **may** entitle a defendant to credit for time served under electronic monitoring, to assert that such considerations are present in his case. We disagree.

With regard to his first claim, that "the conditions of his release were more stringent than in a typical case[,]"[9] such a "case-by-case" analysis was specifically rejected by the **Kyle** Court. **Id.** at 22. Moreover, in support of his assertion, Bove overemphasizes the fact that the trial court denied each of his petitions to modify the conditions of his bail. However, upon Bove's filing of each petition, the trial court scheduled a hearing. Bove does not provide this Court with any transcripts from those hearings, or any evidence demonstrating the court abused its discretion in denying his requests. Indeed, Bove appears to disregard that he was initially charged with homicide, and subject to $100,000.00 bail. The fact that the trial court would not permit him to attend doctor appointments with his pregnant girlfriend, or live with her during his house arrest, is of no moment.

We also reject Bove's second claim that the court was contractually required to provide him with credit for time served under the terms of his "Electronic Monitoring Application." First, the application Bove attached to his brief is not included in the certified record. "The law of Pennsylvania is

_____

[9] Bove's Brief at 5-6.

well settled that matters which are not of record cannot be considered on appeal." ***Commonwealth v. Manley***, 985 A.2d 256, 263 (Pa. Super. 2009), *appeal denied*, 996 A.2d 491 (Pa. 2010). Further, even if we were to consider the document, the application does not state or promise that Bove will receive credit for time served on electronic monitoring while on bail. As the trial court explains in its opinion:

> [Bove] does not argue, and there is no indication anywhere in the record, that [he] at any time was assured or promised in any way that he would receive [S]ection 9760 credit for the time he spent on this program.

Trial Court Opinion, 5/7/2015, at 9. ***But see Commonwealth v. Kriston***, 588 A.2d 898, 901 (Pa. 1991) (holding defendant was entitled to credit for time served on electronic monitoring when he was erroneously released to program by prison authorities, and "assured … that time spent in the monitoring program would count towards his minimum sentence"). Accordingly, we agree with the conclusion of the trial court that Bove was not promised he would receive credit for time served, either by the court or as part of his electronic monitoring agreement.

Therefore, because we find Bove's sole claim on appeal meritless, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/11/2015