J-S13022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RONALD LINWOOD CREWS | : | |
| | : | |
| Appellant | : | No. 1014 MDA 2021 |

Appeal from the Order Entered April 23, 2021
In the Court of Common Pleas of York County
Criminal Division at No(s):  CP-67-CR-0005295-2016

BEFORE:   STABILE, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                              **FILED AUGUST 22, 2022**

Appellant, Ronald Linwood Crews, appeals from the order entered in the York County Court of Common Pleas, which denied his motion to apply credit for time spent on supervised bail to the underlying sentence for driving under the influence—general impairment ("DUI").[1]  We affirm.

The relevant facts and procedural history of this appeal are as follows.

> A jury trial was held in the instant matter on May 17, 2017. At trial, [Appellant's] arresting officers testified that on April 18, 2016, at 9:24 p.m., they observed [Appellant's] light blue Cadillac sedan double-parked in the middle of the northbound travel lane of Pershing Avenue in York.  The vehicle's engine was off, but its hazard lights were activated. The officers, who were on-duty in a marked police cruiser, testified that [Appellant's] vehicle was positioned in the road in a way that no traffic could travel by him without first

---

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1).

having to cross a double-yellow line. As soon as the officers pulled up behind [Appellant's] vehicle, he started the Cadillac's engine and pulled away. The officers yelled for [Appellant] to stop and he obeyed. When they approached the driver's side door of [Appellant's] car, the officers noticed that a female juvenile was in the front passenger seat and a male juvenile was in the rear passenger-side seat. The passengers, aged 8 and 10, were [Appellant's] children.

One of the officers removed [Appellant] from his vehicle and noticed that he could not maintain his balance, had slurred speech, could not follow directions, looked disheveled, had bloodshot/glassy eyes, and that his breath smelled strongly of alcohol. The officers found unopened beer inside the vehicle. After performing very poorly on field sobriety tests, [Appellant] admitted to the officers that he had been drinking. At that point, the officers concluded that [Appellant] was under the influence of alcohol and that it was unsafe for him to drive; they placed him under arrest for suspected DUI.

***Commonwealth v. Crews***, No. 1171 MDA 2017, unpublished memorandum at 1-2 (Pa.Super. filed January 24, 2018) (internal footnote and record citations omitted).

On June 27, 2017, the court sentenced Appellant to five years of county intermediate punishment. (***See*** N.T. Sentencing Hearing, 6/27/17, at 12). The court also imposed the following conditions for the term of intermediate punishment:

The sentence is [six] months' incarceration in York County Prison with no objection from the court if [Appellant] wishes to participate in the work release program and follows all the rules and regulations of the prison regarding that program.

That is followed by 90 days of electronically monitored house arrest and alcohol monitoring. This is followed by 90

days of Avertest. The fine is a total of $2,800.00. [Appellant] is ordered to pay all costs. All standard terms and conditions [of] IP supervision here in York County pertaining to DUI apply.

I'm going to add this: [Appellant] should be subject to random drug testing throughout the period of supervision, plus [Appellant] shall perform 100 hours of community service.

(*Id.* at 14-15).

Appellant timely filed a notice of appeal and motion for bail. The court granted Appellant's request and placed him on supervised bail during the pendency of the appeal. The court also stayed Appellant's sentence. On January 24, 2018, this Court affirmed the judgment of sentence and permitted counsel to withdraw. We remitted the record on March 5, 2018. At that point, Appellant should have begun to serve the incarceration portion of his sentence. Appellant, however, did not report to the county prison.

After some delay, the court learned about Appellant's status and ordered him to report to York County Prison on August 21, 2020. (*See* Order, filed 8/12/20). Appellant failed to report, and the court issued a bench warrant on August 26, 2020. Appellant was brought before the court to address the warrant on January 26, 2021, and the court ordered him to remain in the custody of York County Prison pursuant to the underlying DUI sentence.

On March 31, 2021, Appellant filed a counseled motion to modify sentence. In it, Appellant asked the court to reduce his remaining probationary sentence by two years, five months, and six days, which

Appellant calculated as the amount of time spent on supervised bail between the end of his direct appeal and the entry of the order directing him to report to prison.[2]  The court denied Appellant's motion on April 23, 2021.

Despite having counsel of record, Appellant timely filed a *pro se* notice of appeal on May 20, 2021.[3]  On August 6, 2021, this Court remanded the matter for a hearing to determine the status of Appellant's representation. *See Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998).  Ultimately, the trial court conducted a hearing and appointed the public defender's office to represent Appellant.  On October 25, 2021, the court ordered Appellant to

_____

[2] Although Appellant styled the filing as a motion for clarification of sentence, the court noted that the requested relief "was to change/modify [Appellant's] sentence as opposed to clarifying his sentence." (Trial Court Opinion, dated 12/1/21, at 2 n.1).  Therefore, the court treated the filing as a motion to modify sentence. (*See id.*)  Regarding the timeliness of the filing, we emphasize that a court "has inherent power to **at any time** terminate continued supervision [or] lessen the conditions upon which an order of probation has been imposed…."  42 Pa.C.S.A. § 9771(a) (emphasis added). Because a court possesses the power to lessen the conditions of probation "at any time," we conclude that Appellant properly filed his motion seeking to invoke the court's power. *See id.  See also Commonwealth v. Nicely*, 536 Pa. 144, 152, 638 A.2d 213, 217 (1994) (stating trial court possessed jurisdiction to modify defendants' probation conditions; probation order is conditional by its very nature; as such, court may lessen or increase conditions of probation at any time).

[3] Appellant remained incarcerated at York County Prison when he attempted to file the *pro se* notice of appeal, which was postmarked May 20, 2021. Consequently, we consider the appeal timely filed. *See Commonwealth v. Chambers*, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012) (explaining prisoner mailbox rule provides that *pro se* prisoner's document is deemed filed on date he delivers it to prison authorities for mailing).

- 4 -

file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant timely filed his Rule 1925(b) statement on November 15, 2021.

Appellant now raises one issue for our review:

Whether the trial court abused its discretion in denying [Appellant's] motion to modify sentence where [Appellant] remained on supervised bail with alcohol monitoring for over two years after his direct appeal concluded, and the interests of justice and fundamental fairness require crediting this period against [Appellant's] remaining terms of house arrest and probation?

(Appellant's Brief at 4).

"A claim asserting that the trial court failed to award credit for time served implicates the legality of the sentence. Issues relating to the legality of a sentence are questions of law." *Commonwealth v. Gibbs*, 181 A.3d 1165, 1166 (Pa.Super. 2018) (internal citations omitted). "Our standard of review over such questions is *de novo* and the scope of review is plenary." *Id.*

Appellant argues the trial court should have reduced his remaining probationary sentence due to the time he spent on supervised bail between the end of his direct appeal and the entry of the order directing him to report to prison. Appellant maintains that his liberty was "significantly restricted during this lengthy period of supervised bail," and "the interests of justice and fundamental fairness" require that he receive credit against the remaining term of his sentence. (Appellant's Brief at 12). Appellant concedes that he did not discover "any decisions on whether a sentence should be reduced

under the exact circumstances present here," but he insists that "Pennsylvania courts have awarded credit against sentences in similarly unusual situations…." (*Id.* at 15). Appellant concludes the court erred in denying his motion to modify sentence. We disagree.

Generally, the Pennsylvania Sentencing Code governs credit for time served as follows:

**§ 9760. Credit for time served**

After reviewing the information submitted under section 9737 (relating to report of outstanding charges and sentences) the court shall give credit as follows:

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent **in custody** as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S.A. § 9760(1) (emphasis added).

In **Commonwealth v. Blair**, 699 A.2d 738 (Pa.Super. 1997), this Court addressed a defendant's entitlement to credit for time spent on bond pending appeal. There, the trial court sentenced the defendant to 24 to 60 months' imprisonment, followed by 10 years of probation. The defendant appealed, and he was free on bond pending appeal. This Court affirmed the judgment of sentence, and we remanded the record on May 31, 1994. At that time, the trial court believed the defendant had already begun to serve his prison sentence. Nevertheless, the defendant "remained free on bond because his

- 6 -

bond papers … were missing from the record." *Id.* at 739. The court did not discover the defendant's status until September 1996, and it promptly ordered the defendant to begin serving his sentence.

The defendant appealed, arguing that he was "entitled to credit for the period of time that he erroneously remained free…." *Id.* This Court disagreed and found "no Pennsylvania authority allowing for either credit towards sentence or discharge under these circumstances, *i.e.*, where a defendant has erroneously remained at liberty for an extended period of time before being ordered to commence sentence." *Id.* at 740. Additionally, this Court noted:

> We will not allow the court system's inadvertent error to cancel any part of Blair's punishment for the crimes for which he was justly convicted and sentenced. Society has an interest in knowing that its criminals are serving the punishment to which they have been sentenced, regardless of an unintended delay or negligent error attributable to the government. The fact remains that, regardless of the delay, Blair has not served the time he was so ordered to serve.

*Id.* at 743.

In **Commonwealth v. Kyle**, 582 Pa. 624, 874 A.2d 12 (2005), a jury convicted the defendant of multiple DUI counts. The court sentenced the defendant to two years of county intermediate punishment, with the first two months to be served in prison. The defendant appealed. The court permitted the defendant to remain on bond pending appeal, but it also placed him in the supervised bail program "utilizing home confinement with electronic monitoring." *Id.* at 627, 874 A.2d at 14.

This Court affirmed the conviction. Thereafter, the defendant filed a

"motion for clarification of sentence, requesting credit for the 268 days he had spent on electronic monitoring toward the two-month imprisonment portion of his sentence." *Id.* The court denied the defendant's request. Ultimately, our Supreme Court agreed that the defendant was not entitled to credit under the circumstances:

> Today, we make clear that time spent on bail release, subject to electronic monitoring, does not qualify as custody for purposes of Section 9760 credit against a sentence of incarceration. As this author noted in [**Commonwealth v. Chiappini**, 566 Pa. 507, 782 A.2d 490 (2001)]:
>
> > [T]he reality here is that [the defendant] was subject to the home confinement/electronic monitoring program as a condition of his release on bail. Bail is neither a form of, nor in any way synonymous with, custody or imprisonment; rather, it is a form of release from custody.

*Id.* at 638, 874 A.2d at 20-21.

Instantly, this Court affirmed Appellant's judgment of sentence in 2018, but he subsequently remained on supervised bail for close to two and one-half years without reporting to prison to serve the incarceration portion of his sentence. After the court finally ordered Appellant to report to the county prison, he requested a reduction in his probationary sentence to correspond with the amount of post-appeal time spent on supervised bail. The court denied Appellant's request concluding that "[s]upervised bail is not a sentence, is not part of the sentence imposed on [Appellant], and is not the same as intermediate punishment." (Trial Court Opinion at 4).

Based upon our review of the relevant caselaw, we agree that the time

spent on supervised bail does not warrant a reduction in Appellant's remaining term of probation. Our Supreme Court has emphasized that a defendant on bail is not in "custody" for purposes of Section 9760. ***See Kyle, supra***. Moreover, society has an interest in knowing that Appellant serves the punishment to which he was sentenced, "regardless of an unintended delay" in carrying out said punishment.[4] ***See Blair, supra***. Therefore, we affirm the order denying Appellant's motion to modify sentence. ***See Gibbs, supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/22/2022

---

[4] Appellant principally relies on ***Commonwealth v. Kriston***, 527 Pa. 90, 93, 588 A.2d 898, 899 (1991), for the proposition that "[c]onsiderations of fundamental fairness require that [a defendant] be given credit for time he served in [a home monitoring] program." Nevertheless, ***Kriston*** is distinguishable because it involved a situation where the defendant "was **assured** by prison authorities that time spent in the monitoring program would count towards his minimum sentence." ***Id.*** at 97, 588 A.2d at 901 (emphasis in original). Under such circumstances, our Supreme Court concluded that the denial of credit for time served in home monitoring "would constitute a manifest injustice." ***Id.*** at 98, 588 A.2d at 901. Here, Appellant cannot point to the same type of "assurances" that existed in ***Kriston***.